IN THE MATTER OF THE GUARDIANSHIP OF JAMES R. HOLT and JOHN D. HOLT, Spendthrifts.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JULY 7, 1897.          DECIDED SEPTEMBER 7, 1897.

FREAR AND WHITING, JJ., AND J. ALFRED MAGOON, ESQ., OF THE BAR, IN PLACE OF JUDD, C.J., ABSENT.

**Spendthrift.**
**The evidence held sufficient to support the finding of the trial Court.**

OPINION OF THE COURT BY WHITING, J.

Relatives of the respondents petitioned the First Circuit Court in Probate for the appointment of a guardian of the estate of respondents alleging that they were spendthrifts. The Circuit Judge found that the respondents were spendthrifts within the meaning of the statute, and made an order of guardianship. Respondents appeal to this court.

The proceedings are statutory.

Civil Code Sec. 1352. When any person by excessive drinking, gaming, idleness, or debauchery of any kind shall so spend, waste, or lessen his estate, as to expose himself or his family to want or suffering, his friends or relations may present a complaint * * * setting forth the facts and circumstances of the case, and praying to have a guardian appointed for him.

Sec. 1358. The guardian shall also manage the estate of the ward frugally, and without waste, and apply the income and profits thereof so far as may be necessary, for the comfortable

and suitable maintenance and support of his ward and family, if there be any.

The respondents are respectively of the age of 56 years and 59 years. Their property and estate consists of an income of twelve to fifteen hundred dollars each annually derived from property left in trust for them by their father Robert W. Holt, by will.

The will of Robert W. Holt was admitted to probate July 26, 1862. Sections 2 and 4 of this will set forth the bequests to each of respondents and in terms the same as a bequest under Sec. 3 of the will to another son, Owen J. Holt, now deceased, to wit: "I give, devise and bequeath to my son, * * * * * one-quarter of all my estate, both real and personal, the income of the same to be paid to him by my executor hereinafter named, for his use and support for the term of his natural life, and after the death of my said son, I give, devise and bequeath the said one-quarter to the heirs of the said * * * * and their assigns."

This property has been held and managed by a trustee and the income paid to the respondents from time to time.

The respondents on their appeal claim.

First: That the property of the appellants is already tied up in a spendthrift trust by the will of their father R. W. Holt, who gave them a life interest only in his estate, the principal to be controlled by a trustee. That this will creates a spendthrift trust and that the present petitioners seek to create one spendthrift trust upon another which is absolutely useless and absurd and only charges extra expense to the appellants. And further that the trust is already in the care of the court which has ample power to enforce a proper execution of the trust created by the will of R. W. Holt.

The evidence shows that respondents have not kept within the limits of their income, but have been usually in debt to amounts largely exceeding the same, and also that their income has been devoted to other purposes than their support: and further that they attempted to dispose of their life interest in their father's estate.

Now if the terms of the will of their father create a spend-thrift trust so that the respondents could in no way dispose of or sell their life interest and income and thus absolutely secure to them their future support, there might be sound grounds to refuse to appoint a guardian, for in such case the trustee under the will would be amply able to protect the respondents against wasting their property.

But in this particular case, it is not open to the respondents to now claim that their life interest and income is so bound up in trust that they cannot dispose of or sell the same, nor incur debts and liabilities so that creditors cannot reach their income and life interest to pay themselves.

This court construed the will of R. W. Holt in the case of *Harris v. Judd, Administrator Estate R. W. Holt*, 3 Haw. 421, where the majority of the court held that Owen J. Holt's income under his father's will is a vested and therefore assignable interest and that his assignee could collect the income.

The respondents' rights under the will of their father are the same as Owen J. Holt's were, and if no restriction is placed upon them or their property otherwise than by the terms of their father's will, they can sell and assign their life interest and income in the estate bequeathed them.

Up to the present time, this decision, rendered in 1873, has been followed by the respondents and the trustee in the Estate of R. W. Holt, and must stand as the law of this case, however other courts may have apparently taken different views. What would be the opinion of this court in cases where the will pro-vided protection for spendthrifts, against waste and creditors, in full and complete terms, we do not now discuss or determine.

Second. These proceedings are not in equity, but are statutory under Sec. 1352 of the Civil Code, and the question of sound-ness of mind is not in issue.

It was a question of fact for the Circuit Judge to decide, whether within the meaning of the statute, respondents were spendthrifts. The respondents claim that it must be shown that they were excessive drinkers and were spending and wasting

their estate so as to expose themselves or their families to want and suffering, and that the evidence is insufficient to support such findings.

The Circuit Judge found respondents were spendthrifts, and the question now is was there evidence to warrant such finding.

We have made careful examination of the evidence, which is too voluminous to be set forth in a decision, and find that it clearly shows that both respondents are spendthrifts; that they were wasting their estate through excessive drinking so as eventually to expose themselves to want. They draw their income from the trustee under R. W. Holt's will, in such sums and as often as the trustee will permit them; often what is drawn in one day is spent in drink and the next day a new request for money is made, they frequently at such times being greatly under the influence of liquor: when funds could not be obtained from the trustee, they would borrow small sums of fifty cents, one dollar and more if possible from their relatives and spend it in drink: they do not have any homestead of their own, but live with their relatives, visiting from family to family, and although at times assisting such relatives with food supplies, yet repeatedly have they accepted the hospitality freely and gladly given them by such relatives, yet because of the waste of their money in excessive drinking they have not paid for their support, and without such assistance of relatives would be in want: further they were always in debt, and repeatedly anticipated their income. Moreover they were in negotiation for the sale of their life interest, and from the testimony of witnesses for respondents, it appears that if such sale were effected, the proceeds would in the opinion of such witnesses have to be placed in the hands of a trustee for the good welfare of the respondents, and the preservation of their estate from waste by respondents, if left uncontrolled in their hands.

The appeal is dismissed.

*A. Rosa* for petitioners.

*Castle*, *Creighton* and *Weaver* for respondents.