## IN THE MATTER OF THE ESTATE OF ROBERT WILLIAM HOLT, Deceased.

APPEALS FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED DECEMBER 23, 1903.    DECIDED APRIL 20, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A was at the time of his death administrator with the will annexed of the estate of H. A petition for the appointment of B as "trustee" of the said estate "in the place and stead of" A, "lately deceased", and an order of court, made in reference to such petition, that B be appointed "trustee" of said estate, construed to be respect-

ively a petition and an order for the appointment of B as adminis-
trator with the will annexed of the said estate, and letters of
administration issued in pursuance of such order held to be valid.
The petitioners for such appointment, having appeared and submitted
themselves to the jurisdiction of the court, and their successors
in interest are bound by the proceedings had, even though it be
assumed that there was no publication of notice to parties inter-
ested and that such publication was required by rule of court.

A resignation by B "as such trustee", and the acceptance thereof held,
under the circumstances of this case, to be a resignation of his
office as administrator with the will annexed, and the appointment
of S "as trustee to succeed" B "in the trust under the will of" H
"deceased", held to constitute S administrator with the will an-
nexed of the said estate.


OPINION OF THE COURT BY PERRY, J.


Robert William Holt died on July 6, 1862. On the 26th of
the same month his will was admitted to probate and W. A. Ald-
rich, named in the will as such, was appointed executor. Subse-
quently Aldrich resigned the trust and was followed by two or
more successive appointees, until in June, 1873, Alex. J. Cart-
wright was appointed administrator with the will annexed of the
estate of the decedent. A. J. Cartwright served in that capacity
until his death, June 12, 1892. On July 29, 1892, letters were
issued to Bruce Cartwright as administrator with the will an-
nexed and he took charge of the property involved and retained
the same until on or about June 6, 1900, on which date Henry
Smith assumed cotnrol under an appointment by a Circuit
Judge as "trustee to succeed Bruce Cartwright in the trust under
the will of R. W. Holt, deceased." On July 30, 1903, Henry
Smith assumed control under an appointment by a Circuit
erty under his appointment, and not having resigned or been
removed from office, a Circuit Judge, upon petition of J. F. Col-
burn, a purchaser from two of the heirs, issued letters to C. A.
Long as administrator *de bonis non administratis* with the will
annexed, the circuit judge adopting the view advanced on behalf
of the petitioner that the issuance of letters to Bruce Cartwright

as administrator and the appointment of Henry Smith as trustee were both null and void, that there was therefore a vacancy in the office of administrator and, presumably, that there are unadministered assets of the estate. It is from the order appointing Long as such administrator that the present appeals, by Bruce Cartwright, Henry Smith and certain of the beneficiaries, are taken.

The letters issued to Bruce Cartwright, duly sealed and stamped, read, after the title, as follows: "The last Will and Testament of Robert William Holt, deceased, a copy whereof is hereto annexed, having been duly admitted to Probate in this Court, and Alexander J. Cartwright, the Executor, named in the Will, having died, Bruce Cartwright, of Honolulu, is hereby appointed Administrator with the Will annexed.

"By order of the Court.

"Witness my hand and the Seal of the Supreme Court, this 29th day of July, A. D. 1892.

"(Signed)   HENRY SMITH,<br>"Clerk Supreme Court."

One of the objections made to these letters is that they were issued by the clerk without authority from the court so to do.

The record shows that in July, 1892, a petition, signed by James R. Holt, Sr., John D. Holt, Sr., the grantors or assignors of J. F. Colburn, and by John D. Holt, Jr., was filed, reading as follows: "We, the undersigned, the *cestui que trusts* under the Will of R. W. Holt, late of Honolulu, deceased, do hereby request that Bruce Cartwright, of said Honolulu, be appointed Trustee of the estate of the said R. W. Holt in the place and stead of Alexander J. Cartwright, lately deceased, and that the bond to be filed by him as such Trustee be in the sum of Twenty Thousand Dollars ($20000), that being the bond filed by said Alex. J. Cartwright." The clerk's minutes, signed by "Henry Smith, Clerk", read: "Tuesday, July 26, 1892, Application for appointment of a trustee of the estate of R. W. Holt in place of A. J. Cartwright, deceased. Present: J. R. Holt, one of the devisees under the will of R. W. Holt and J. D. Holt, also J. D.

Holt, Jr., son of Owen J. Holt, who request the Court to appoint Bruce Cartwright trustee in place of A. J. Cartwright, deceased. The Court appoints Bruce Cartwright, trustee of the estate of R. W. Holt under $40,000 bond.

"Thursday, July 28th, 1892. Before Bickerton, J. This matter coming up this day upon the written request filed, after due consideration and upon the request of the parties signing the same, I hereby make the amount of the bond in the sum of $20,000.

"July 29, 1892. Bond of $20,000 filed and Letters issued to Bruce Cartwright, adm'r with the will annexed."

The contention on behalf of the appellees is that the petition was for the appointment of a "trustee" and that the order of the court was that a "trustee" be appointed and that the letters appointing Bruce Cartwright administrator were unauthorized, null and void. This attack upon the letters can not, we think, be sustained, whether it be regarded as collateral or as direct. The letters are regular upon their face and recite, over the signature of the clerk who was authorized by law to sign such documents, that they were issued by order of the Court. What is there in the record to show that this recital is untrue or incorrect? The petition for the appointment of Bruce Cartwright and the clerk's minutes are referred to as answering this question. The petition must be construed as a whole. It was not merely that Bruce Cartwright be appointed trustee, but that he be so appointed "in the place and stead of Alex. J. Cartwright, lately deceased." There is, too, the reference to the bond, included in the above quotation,—another indication, slight though it may be, that the new appointee was to be in the place and stead of the deceased. The word *trustee,* standing alone, in the petition was a misnomer. The intention of the applicants, sufficiently expressed, was to ask that Bruce Cartwright be appointed to fill the vacancy in the matter of the estate caused by the death of A. J. Cartwright. Whether or not A. J. Cartwright was administrator with the will annexed *and trustee* (one of his predecessors in the trust, James W. Austin, was appointed "administrator with the will annexed of Robert

W. Holt and trustee of the said estate", as to which see order filed September 30, 1870, and A. J. Cartwright himself is referred to in the clerk's minutes of September 2, 1875, as "trustee and administrator with the will annexed of said estate") we need not now decide. He certainly held an appointment as administrator with the will annexed. That is admitted by the present petitioners. The petition of 1892, then, was, at least, for the appointment of an administrator.

The minutes correctly recite the substance of the petition. They simply show that the appointment made by the court was in answer to the petition of the *cestuis que trustent* and was to fill the existing vacancy, whatever that vacancy was. There, too, the word *trustee,* standing alone, must be regarded as a misnomer. There is nothing in the minutes inconsistent with the view that after the hearing and prior to the issuance of the letters the court was satisfied that the use of the word *trustee* alone was incorrect and inadvertent and itself directed that the letters of administration issue. The presumption, in support of the regularity of the proceedings, is that the court was so satisfied and did so direct. It may be added that neither in the petition nor in the minutes nor elsewhere in the record does it appear that the administration had been prior to that time closed by A. J. Cartwright, or that any of the parties or the court so regarded it. All, apparently, deemed a continuance of the administration necessary.

The appellees further contend that the granting of letters of administration to Bruce Cartwright was void because there was no publication of notice of the hearing as required by a rule of court then in force and because, therefore, the court had no jurisdiction of the parties. That the court had jurisdiction of the subject matter is clear and undisputed. Whether any rule of court required publication of notice in such a case as this, or whether, if it did, publication was in fact made in this instance, is immaterial. The present petitioner's predecessors in interest had actual notice of all the proceedings, appeared and submitted themselves to the jurisdiction of the court,—the appointment

was made on their own petition; *then* certainly are bound and so is their grantee or assignee. If further evidence were needed as to their actual intention and understanding and that they were not in fact misled by the use of the word "trustee" in their petition and in the clerk's minutes, it is to be found in the receipts given by these two beneficiaries for their respective shares of moneys paid to them by Bruce Cartwright as "administrator with the will annexed" in the years 1893, 1894 and 1895. The title "trustee" seems to have been carelessly used by all concerned as the equivalent of, or at last as including, the title of administrator. In August, 1892, very soon after receiving letters of "administration," Bruce Cartwright filed a receipt of property from the "Executors", signed by himself as "trustee in the place and stead of A. J. Cartwright, deceased." In 1894, a year in which his accounts were rendered as administrator, he presented a petition as "trustee" for an order of partial distribution. In Schedule C, of the accounts for 1896, he is described in the body as "trustee", signed as administrator, and took receipts from the beneficiaries as "trustee". A report of the Master, made January 9, 1896, upon an account of the administrator, bears a note of approval on the margin signed by Bruce Cartwright as "trustee", while the order of the court referred to him as "administrator." In the accounts for 1897 to 1900, inclusive, he described himself as "trustee". In 1895 one of the circuit judges regarded the incumbent as administrator, as appears by an order reducing the amount of his bond. Nor was this looseness of description confined to the period of his incumbency. A. J. Cartwright's accounts for 1874, 1878, 1879 and 1888 were rendered as "administrator", while those for the period from 1879 to 1887 (one account), for 1889, 1890 and 1891 were by him as "trustee". His schedule of investments for 1876 was filed by him as "trustee". The beneficiaries' yearly receipts from 1874 to 1879 inclusive were from the "administrator", while those for 1888 were from the "trustee". And yet the appellees concede in their petition that A. J. Cartwright was administrator and held that office until his death.

In September, 1899, Bruce Cartwright filed a petition for approval of accounts and for leave to resign, which read, in part, as follows: "The undersigned, Trustee under the will annexed of R. W. Holt, late of Honolulu, deceased, herewith presents to this Honorable Court his annual account of receipts and disbursements as trustee in said estate. * * *

"The trustee respectfully represents to this Court that he is desirous of resigning and surrendering his said trusteeship, and to that end and purpose hereby petitions this Honorable Court for leave to resign his said trust, and hereby tenders his resignation as such trustee, to take effect upon the approval and settlement of the account filed herewith." Upon being notified of this petition, the present petitioner's grantors or assignors, J. R. Holt, Sr., and J. D. Holt, Sr., filed a motion in which they asked the court "that the trustee be allowed to resign and that a new trustee be appointed in his place" and another document signed by themselves with other beneficiaries, reading, "In conjunction with the petition of Bruce Cartwright, trustee under the will of said R. W. Holt, deceased, praying to be allowed to resign from said trust, we the undersigned beneficiaries of said estate recommend as a suitable person to fill the vacancy and we do hereby petition the court that Henry Smith, of Honolulu, Island of Oahu, be appointed to succeed the said Bruce Cartwright as trustee under the will of said R. W. Holt." J. R. Holt and J. D. Holt were represented by counsel at the hearing. "The Court," the clerk's minutes recite, "accepts the resignation of Mr. Bruce Cartwright and appoints Mr. Henry Smith as trustee in his place under the will of the late R. W. Holt, late of Honolulu, * * * and upon approval of the accounts, said Mr. Bruce Cartwright will be discharged as trustee of said estate and his bond cancelled." The formal order signed by the Court was "that the said trustee be and he is hereby allowed to resign, * * * that he turn over the balance of cash and securities now held by him to his successor; * * * that Henry Smith be and he is hereby appointed as trustee to succeed Bruce Cartwright in the trust under the will of R. W. Holt, deceased."

Was this resignation and its acceptance effective to terminate Bruce Cartwright's authority as administrator? If it was not, he is still administrator, there is no vacancy in the office and Long's appointment must for that reason be set aside. But we

think that the resignation was effective for that purpose. As in the case of the petition and the record of proceedings concerning Bruce Cartwright's appointment, the resignation, minutes and orders concerning the resignation of Bruce Cartwright and the appointment of Henry Smith, both of which constituted parts of one and the same transaction, must be construed as a whole. As so construed, the petition of Bruce Cartwright must, we think, be held to include a resignation of the office of administrator, its acceptance to operate to relieve him of his responsibility as such and the appointment of Henry Smith to constitute him likewise the administrator. This latter appointment Henry Smith still holds.

We have proceeded upon the assumption, without so deciding, that during the whole period covered by these various appointments there have been and that there are now unadministered assets such as to support each of the appointments of an administrator. The position of the appellees is that there are such assets. Of course, if the administration proper was closed by the executor and there have since been no unadministered assets, as is claimed by one at least of the appellants, or if there were on July 30, 1903, no such assets, Long's appointment for that additional reason is irregular and must be set aside.

It may be that Bruce Cartwright was and that Henry Smith is a trustee under the will as well as administrator, i. e., that the appointment in each instance was as administrator *and trustee,* but this point we need not decide, for the question now before is not whether there has been or is a vacancy in the office of trustee, assuming that under the will and upon all the facts of the case the necessity for such an office exists, but whether immediately prior to Long's appointment there was a vacancy in the office of administrator.

It was unnecessary to have offered in evidence the letters of administration to Bruce Cartwright. They were already a part of the record in the matter of the estate of the decedent and the circuit judge could and should have taken judicial knowledge of their existence.

In our opinion, at least if any assets of the estate of the decedent remained at the time unadministered, Bruce Cartwright was authorized under the letters issued to him on July 29, 1892, to act as administrator until the appointment of his successor and Henry Smith by virtue of his appointment on June 5, 1900, was and is now likewise authorized to act as administrator, on July 30, 1903, no vacancy existed in the office of administrator, and the appointment of C. A. Long was in any event irregular and erroneous and should be set aside. The order appointing C. A. Long administrator *de bonis non* is reversed and set aside and the cause is remanded to the circuit judge with directions to deny the petition of J. F. Colburn praying for such appointment.

*C. W. Ashford* for J. F. Colburn and C. A. Long.

*Holmes & Stanley* for Bruce Cartwright.

*Hatch & Ballou* for Henry Smith.

*Smith & Lewis* and *L. J. Warren* for certain of the beneficiaries.