AUGUST DREIER v. JOHN D. HOLT (JUNIOR), EMMA HOLT, ROBERT L. COLBURN, GEORGE LUCAS, TRUSTEE, HENRY VAN GIESEN, TRUSTEE, CHARLES VAN GIESEN, TRUSTEE; AND WAIALUA AGRICULTURAL COMPANY, LIMITED, A CORPORATION.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 2, 1907.  DECIDED JANUARY 8, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PARTNERSHIP LANDS—*purchase by executor of deceased partner's share partly from proceeds of sale and partly from funds of decedent's estate—conveyance to executor in trust for the use and benefit of legatees named in will.*

The executor of the will of R. W. H. obtained a decree in equity for sale of partnership lands and at the sale bought in the decedent's share for the payment of which the decedent's estate contributed nearly 40% of the purchase money the rest coming from the proceeds of the sale. Held: The land so purchased is to be regarded not as money but real estate.

The lands were conveyed to the executor and his successors for "the use and benefit of the legatees named and referred to in the last will and testament of Robert W. Holt, deceased, forever." Holt's will devised 1-4 of his estate to each of three sons, the income to be paid by the executor; on the death of each son devis-

ing 1-4 to his heirs and their assigns. Held: The trust expressed
in the deed to the executor was in furtherance of the testator's
objects expressed in the will and equivalent to a declaration by the
grantee to hold the property, as required by the will, in trust to
pay the income to the sons and, upon their death, to hold for their
respective heirs which, under the statute of uses, requires no con-
veyance by the trustee. *Haw. T. & Invest. Co. v. Barton*, 16
Haw. 294.

ID.—*as to notice of property covered by mortgage—certificate of
acknowledgment by wife.*

The plaintiff's mortgage from J. D. H., a grandson of R. W. H.,
explicitly conveying "two undivided twenty-seventh parts or shares
of all the real estate devised by the will of R. W. Holt, deceased,"
etc., was notice to subsequent purchasers that those interests were
covered by the mortgage. The certificate of acknowledgment by
the mortgagor's wife was properly recorded although omitting the
statutory word "constraint." The mortgage would properly have
been recorded even in the absence of any certificate of acknowledg-
ment by her.

### OPINION OF THE COURT BY HARTWELL, J.

This was a bill to foreclose a mortgage by the defendant Holt
and his wife dated August 5, 1899, which purports to include
2-27 of certain lands at Waianae and Waialua in the County of
Oahu. The controversy is in respect of these lands only, there
being no question about the other lands covered by the mort-
gage. The Waialua Agricultural Company, Limited, in its
answer and cross bill, claimed the same interest under a mort-
gage by Holt of May 16, 1898, foreclosure of which was sought
by the cross bill. The answer of the defendant Colburn avers his
ownership of the 2-27 interest in the land at Waialua as pur-
chaser at a foreclosure sale April 28, 1904, decreed in a suit by
Henry Smith, trustee under the will of R. W. Holt, for fore-
closure of Holt's mortgage of January 18, 1903. The answer of
the defendant Lucas avers that as trustee for a daughter of the
said Henry Smith he owns the 2-27 interest in the land at
Waianae by conveyance from Van Giesen who bought defendant
Holt's 2-27 interest in the estate of R. W. Holt, deceased, at an

execution sale April 5, 1904, in a suit of W. O. Smith, trustee, and who bought Holt's 2-27 interest in the Waianae land at an execution sale July 12, 1904, upon a deficiency judgment in the Henry Smith trustee foreclosure suit, the trustee also quitclaiming the same to Lucas by deed of July 25, 1904.

No appearance having been made by Holt or his wife or either of the Van Giesens the bill and cross bill were ordered to be taken pro confesso as against them. The judge decreed a foreclosure sale declaring the Waialua Co.'s mortgage to be a valid first lien and the plaintiff's mortgage to be a valid lien subject only to that of the Waialua Co. From this decree Colburn and Lucas appealed.

The mortgagor acquired this property as follows: 1-27 by purchase from his brother Owen J. Holt, Jr., the other 1-27 under the will of R. W. Holt as one of the heirs of Owen J. Holt deceased.

The appellants' contention is that certain proceedings in equity, referred to in *Haw. T. & Invest. Co. v. Barton*, 16 Haw. 294, brought by R. W. Holt's executor against his surviving partners for a partition sale of the partnership lands resulting in a deed by the executor and surviving partners conveying certain lands, including those now in controversy, to the executor "and his successors in trust for the use and benefit of the legatees named and referred to in the last will and testament of Robert W. Holt, deceased, forever" amounted to "a conversion of realty into personalty." This claim is based upon the fact that the eight parcels of land conveyed by the executor and surviving partners to the executor for the sum of $14,570 were paid for to the extent only of $8,674.50 out of the decedent partner's 1-3 share in the proceeds of the sale of all the partnership lands, the rest of the purchase money, $5,894.44, having been paid out of the funds of the decedent's estate. It is "well settled," says one of the appellants' counsel in his brief, "that where realty is purchased with personalty belonging to the estate of a deceased person, such realty, for the purposes of

administration and distribution, is considered as personalty, and under that theory of the law we here submit that the executor, in using proximately 40% of the cash corpus of the estate in purchasing the several pieces of property conveyed to him by the deed of November 22nd, 1862, completed a conversion of the realty so purchased from realty into personalty, and that as far as this case is concerned it should and must be considered as personalty in the hands of the executor."

There is no reason for regarding this land as personal property and no object to be gained thereby by any one concerned. By Hawaiian law the same persons who inherit real estate succeed also to the personal property. This land has invariably been treated as real estate, which in fact it is. The conveyance to the executor effected a partition of the decedent partner's share of the partnership lands the sum paid being in the nature of owelty. The theory that under certain circumstances and for certain purposes partnership land or land purchased with money which otherwise would have gone to legatees or distributees is to be treated as money is not applicable to the facts in this case.

The appellants further contend that the title under the trust deed did not pass to the heirs of the testator's sons by operation of law upon the death of the sons but required a conveyance by the trustee. The will of R. W. Holt gave an annuity of $800 to his widow to be paid to her by his executor, devised 1-4 of his estate to each of his three sons the income to be paid to them by the executor, on the death of each son devised 1-4 to his heirs and their assigns. By necessary implication the will required the executor to hold each son's share during the life of the son, upon the death of whom his heirs took under the will and not by descent.

In a certain sense it was the executor and the surviving partners who, by their deed of November 22, 1862, created the trust therein expressed, but the deed was merely a method adopted by them for impressing upon the testator's property, segregated from that of his partners, the trust created by the

will of and concerning the property prior to its segregation. The trust expressed in the deed was in furtherance of the testator's objects. Upon the death of each son the trust as to him terminated and the trust property, held to pay him the income, thereupon vested in his heirs, since the words in the deed which describe the trust are equivalent to a declaration by the grantee that he and his successors would hold the property, as required by the will, in trust to pay its income to the sons and, upon their death, for their respective heirs which, under the statute of uses, requires no conveyance by the trustee. *Haw. T. & Invest. Co. v. Barton,* supra.

These rulings dispose of the appellants' claim that the record of the plaintiff's mortgage does not charge them with notice that it includes the interests in the lands above mentioned because not devised by the will and to be regarded as personal property. The mortgage explicitly covers those interests in conveying, as it does, "Two undivided twenty-seventh parts or shares of all the real estate devised by the will of. R. W. Holt, deceased (the grandfather of said Mortgagor) or of which he died possessed, (the said above described interests or shares being the same conveyed to said Mortgagor by Deed of Owen J. Holt, Jr., dated August 5th, 1891, and recorded in the office of the Registrar of Conveyances in Honolulu in Liber 133, page 158), and also the interest or share of the said Mortgagor as inherited by him from the estate of his said father, Owen J. Holt, or from the estate of R. W. Holt, both of said interests or shares including the following described lands, to wit:" (Here follow descriptions of the Waialua and Waianae lands.)

It is claimed that the mortgage was not entitled to registry because the certificate of acknowledgment of the mortgagor's wife does not comply with the statute that "it shall not be lawful to enter of record any release of dower" without the previous acknowledgment of the wife "apart from her husband that she had signed such release without compulsion, fear or restraint from her husband," (R. L., Sec. 2367) in omitting the word "constraint."

It is "the policy of the law to uphold certificates when substance is found." *Lalakea v. Hilo Sug. Co.,* 15 Haw. 573; *Haw. T. & Invest. Co. v. Barton,* 16 Haw. 300. See *Merriam v. Harsen,* 2 Barb. Ch. 323, in which the certificate omitted the word "freely" required by the statute, and *Dennis v. Tarpenny,* 20 Barb. 374, in which the certificate was defective in omitting the statutory word *"private"* before "examination," also *Gates v. Hester,* 81 Ala. 357, 1 So. 850, with reference to the words "voluntarily" and "compulsion" used in the certificate instead of the statutory words "of her own free will and accord," and "constraint" which were held to be synonymous with the statutory words "of her own free will and accord and without fear, constraints or threats on the part of her husband," the court saying, "Compulsion and constraint are synonyms when used with reference to extrinsic power, force or influence as when exercised by one person on another." We think that the certificate was sufficient to require registry although the mortgage would properly have been recorded even in the absence of any certificate of acknowledgment by the mortgagor's wife.

The appellants' final claim is that the judge's decree which left the commissioner at liberty to sell the property together or in lots ought to have required him to sell first the lands concerning which there is no controversy. This would be an appropriate request for the appellants to make of the trial judge unless they ascertain that the commissioner will of his own volition take this course.

Decree appealed from affirmed.

*W. L. Stanley (Holmes & Stanley* on the brief) for plaintiff.

*E. C. Peters* for George Lucas, trustee.

*Castle & Withington* for Waialua Agricultural Co., and *C. W. Ashford* and *E. M. Watson* for Robert L. Colburn submitted their case on briefs.