CARLOS A. LONG, ADMINISTRATOR DE BONIS NON WITH THE WILL ANNEXED OF THE ESTATE OF ROBERT W. HOLT, DECEASED, *v.* JOHN D. HOLT, JAMES R. HOLT, JOHN D. HOLT, JUNIOR, R. WILLIAM HOLT, EDWARD S. HOLT, CHRISTOPHER J. HOLT, GEORGE H. HOLT, OWEN J. HOLT, JUNIOR, ANNIE H. KENTWELL, ELIZABETH K. RICHARDSON, HELEN A. HOLT, VALENTINE S. HOLT, WATTIE E. HOLT, AMELIA K. HOLT, HELENE A. HOLT, IRENE H. HOLT, JAMES R. HOLT, ELIZA R. P. CHRISTIAN, ROBERT HOLT, JAMES L. HOLT, WAIALUA AGRICULTURAL COMPANY, LTD., A CORPORATION, HAWAIIAN REALTY & MATURITY COMPANY, LTD., A CORPORATION, GEORGE LUCAS, TRUSTEE, ROBERT L. COLBURN, JOHN F. COLBURN, TRUSTEE, AND DAVID H. LEWIS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 11, 1907.          DECIDED APRIL 1, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

EXECUTORS AND ADMINISTRATORS.

A bill to construe a will by an administrator d. b. n. c. t. a., seeking advice on matters already decided by this court and on other matters which do not concern him, should be dismissed.

ID.

An administrator d. b. n. should not be appointed where there are no unadministered assets.

COUNSEL FEES.

An order allowing a counsel fee of $1000, if any fee at all was proper, was greatly excessive in amount and should be set aside.

ESTATE OF R. W. HOLT.

Various matters in connection with this estate discussed.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by plaintiff as administrator de bonis non with the will annexed of the estate of R. W. Holt, deceased, from a decree in a suit in equity brought by him for the purpose of having certain portions of that will construed and in that connection requesting answers to certain questions.

The estate of R. W. Holt has frequently in one form and another been before our courts for almost half a century. R. W. Holt died on July 6, 1862. On July 26, 1862, his will was admitted to probate and W. A. Aldrich, his son-in-law, was appointed executor. The will is as follows:

"Know all men by these presents, that I, Robert W. Holt, of Honolulu, Oahu, being of sound disposing mind and memory, do make and publish this my last will and testament hereby revoking any will by me at any time before made.

"After the payment of my just debts I make the following disposition of my property:

"First. I give, devise and bequeath to my wife Wati Holt for the term of her natural life the sum of eight hundred dollars to be paid to her yearly in quarterly payments of two hundred dollars by my executor hereinafter named, for her maintenance and support.

"Second. I give, devise and bequeath to my son John Dominis Holt one quarter of all my estate, both real and personal, the income of the same to be paid to him by my executor hereinafter named for his use and support for the term of his natural life and after the death of my said son I give, devise and bequeath the said one quarter to the heirs of the said John Dominis Holt and their assigns.

"Third. I give, devise and bequeath to my son Owen Jones Holt one quarter of all my estate, both real and personal, the income of the same to be paid to him by my executor hereinafter named for his use and support for the term of his natural life and after the death of my said son I give, devise and bequeath the said one quarter to the heirs of the said Owen Jones Holt and their assigns.

"Fourth. I give, devise and bequeath to my son James Robinson Holt one quarter of all my estate, both real and personal, the income of the same to be paid to him by my executor hereinafter named for his use and support for the term of

his natural life, and after the death of my said son I give, devise and bequeath the said one quarter to the heirs of the said James R. Holt and their assigns.

"Fifth.   I give and devise and bequeath to my daughter Elizabeth M. Aldrich, wife of W. A. Aldrich, one quarter of all my estate both real and personal, and to her heirs and assigns.

"Sixth.   I ordain and appoint William A. Aldrich executor of this my last will and testament."

A codicil to the will left $500 to the Queen's Hospital.

At the time of the death of R. W. Holt he was a partner with James Robinson and Robert Lawrence, the firm name being James Robinson & Co.   These partners owned a large amount of property.   At the instance of the executor of the will, the surviving partners consenting thereto, a court of equity decreed the sale of the partnership real estate.   At the sale the executor purchased with funds of the testator certain of the real estate and took a conveyance to himself dated November 22, 1862, as executor "and his successors in trust for the use and benefit of the legatees named and referred to in the last will and testament of Robert W. Holt deceased for-ever."   On November 18, 1863, Mrs. Aldrich's devise of one-quarter was set off to her.   On July 14, 1866, J. W. Austin was appointed administrator with the will annexed in place of Aldrich, who was then about to leave the kingdom.   On May 18, 1869, H. Thompson was appointed administrator with the will annexed in place of J. W. Austin, resigned.   On September 30, 1870, J. W. Austin was appointed administrator with the will annexed in place of H. Thompson, resigned.   On July 19, 1872, A. F. Judd was appointed administrator with the will annexed in place of J. W. Austin, resigned.   On June 25, 1873, A. J. Cartwright was appointed administrator with the will annexed in place of A. F. Judd, resigned.   On July 29, 1892, letters were issued to Bruce Cartwright as administrator with the will annexed in place of A. J. Cartwright, deceased, the clerk's minutes showing however that the appointment was as trustee of the estate of R. W. Holt.   On June 5, 1900,

Henry Smith was appointed trustee under the will of R. W. Holt in place of Bruce Cartwright, resigned, Henry Smith's bond being as administrator with the will annexed and as trustee. On July 30, 1903, C. A. Long was appointed administrator de bonis non with the will annexed, Henry Smith not having resigned or been removed. This last appointment was by this court revoked on appeal and the petition therefor dismissed. On December 7, 1904, C. A. Long was appointed administrator de bonis non with the will annexed in place of Henry Smith, resigned.

All of these appointments were made by the probate court. All the debts of the testator and the legacy to the Queen's Hospital were paid by the executor during the first year of his term. Wati Holt, the widow, was regularly paid her annuity by the executor and the administrators until she died in 1891. Owen J. Holt, one of the sons, died in 1891, and under the authorization and approval of the probate court one-third of the personal property of the estate then in the hands of the administrator for the time being was distributed to his heirs. Each of the other two sons, namely, James R. and John D., or his assignee, is now receiving one-half of the income from the personal property and one-third of the income from the real property.

The questions propounded, the first, second and eighth of which were, and the balance were not, answered by the circuit judge, are as follows:

1. Did and does the will in question, confer upon the sons of said deceased, namely, JOHN D. HOLT, JAMES R. HOLT and OWEN J. HOLT, an estate in fee simple absolute, in and of one-quarter of the estate, property, and assets of which said deceased died seized and possessed, (subject to the rights of the widow of said deceased, Wati Holt), or to any part or portion thereof?

2. If said will did not confer upon said sons, or any of them, such absolute estate, then, what is the character and extent of the estate conferred upon them respectively, by the will in question?

3. Are the lands which were purchased by the executor of said will, with the assets of said estate, and which were conveyed to said executor in and by deed of November 22, 1862, to be regarded as personal property, or as real estate, in the hands of plaintiff, as such administrator-de-bonis-non-with-the-will-annexed?

4. Is the holding by plaintiff of the lands so conveyed of such character as to authorize plaintiff, in his official capacity, to convey or dispose of the same, or any interest in the same, less than the whole, for the purpose of a change in the investments of said estate, or for any other legitimate purpose of said estate?

5. If plaintiff in his official capacity is authorized to convey or dispose of any portion or interest less than the whole of the lands so conveyed to said executor, of what portion or interest thereof or therein is plaintiff authorized to make such conveyance or disposition?

6. Were or are the three sons of said decedent, and those claiming under them, entitled to a conveyance or conveyances, in proper proportions, of the lands so purchased by said executor, with the assets of said estate, upon the repayment by them respectively, to plaintiff in his official capacity, of the amount, or of their respective proportions of the amount, so paid by said executor for said lands?

7. If said sons of said decedent, or those claiming under them respectively, are not entitled to such conveyance upon making such payment or payments as referred to in the last preceding question, are they entitled to such, or any conveyance thereof, or of any portions thereof, upon any other conditions? And, if so, upon what condition?

8. Does the will in question create, in the executor thereof, and in his successors, including plaintiff, in his official capacity, an active trust, to hold, control, manage, invest and reinvest the estate left by said decedent, or any portion or portions thereof, during the lives of the said sons of said decedent, and (or) during the life and lives of the survivor or survivors of said persons?

9. Have the two of said sons now surviving, namely, John D. Holt and James R. Holt, or those claiming under them, any present right or disposition, or control, of the corpus of said estate, or of the parts or proportions thereof, now held by plaintiff in his official capacity, in respect of the clauses of said will respectively which devise and bequeath interests in

said estate, to the said sons of said decedent, John D. Holt and James R. Holt, and if so what is the character and extent of such right of control or disposition?

10. Have said sons last mentioned any right of control or disposition of the lands, or income from the lands so purchased by said executor as aforesaid, apart or different, or independent of their rights of control or disposition, (if any) of other portions of said estate?

The contentions of those of the defendants who filed briefs are, in general, either that the decree appealed from should be affirmed or else that the bill should have been dismisssd in the first instance.

It has been held by this court that the will gave a life estate to each son, which life estate he could assign; that the conveyance dated November 22, 1862, to Aldrich as executor "and his successors in trust for the use and benefit of the legatees named in the last will" of R. W. Holt, created an active trust as to the land conveyed in respect of the life estate of each of the testator's sons and under the statute of uses vested the legal title of one-quarter in the testator's daughter Elizabeth under clause 5 of the will; that the trust expressed in the deed to the executor was in furtherance of the testator's objects expressed in the will and equivalent to a declaration by the grantee to hold the property, as required by the will, in trust to pay the income to the sons for life; that the appointment of Bruce Cartwright on July 26, 1892, as trustee of the estate was as administrator with the will annexed of the estate and that the appointment on July 5, 1900, of Henry Smith as trustee in place of Bruce Cartwright resigned was as administrator with the will annexed; that the land purchased by and conveyed to W. A. Aldrich, executor of the will of R. W. Holt by deed dated November 22, 1862, is not to be regarded as money but as real estate, each son being entitled to his share of the income therefrom for life, and that upon the death of any son the title vested in his heirs without any conveyance. *Aldrich v. Robinson,* 2 Haw. 606; *Harris v. Judd,* 3 Haw. 421; *In re Guardianship Holt,* 11 Haw. 146; *In re Estate.*

*R. W. Holt,* 15 Haw. 580; *Hawaiian Trust Co. v. Barton,* 16 Haw. 294; *Dreier v. Holt,* 18 Haw. 179.

The previous decisions of this court would seem to determine practically all of the questions submitted in so far as they concern the administrator, and in so far as they do not concern him he has no right to institute a suit such as this. See *Endlow's Administrator v. Trustees,* 67 S. W. (Ky.) 989; *Baxter v. Baxter,* 43 N. J. Eq. 82. In *Kaikainahaole v. Allen,* 14 Haw. 527, it was held that a court of equity will not advise an administrator upon simple questions of law about which he should have consulted an attorney, but here the questions not already covered by the previous decisions of this court do not concern the administrator at all. Therefore, there seems no justification for this suit whatever.

Plaintiff's appointment was unnecessary if there were no unadministered assets, and on a direct attack it would undoubtedly have been set aside if such were the case. So, too, it would seem, there was no justification for the appointment of any of these various administrators, as all that any one of them had to do was to distribute the property. The administration of the estate should have been closed over forty years ago by the executor and the property ordered distributed to a trustee properly appointed to hold for the purpose of paying the annuity to the widow and the balance of the income from the property to the life tenants and upon their death distributing the personal property to those entitled, no conveyance by the trustee being required as to the land; or, failing the appointment of a trustee, to allow the life tenants to take possession upon giving proper security.

These various administrators from 1866 down to the present time have been doing things in regard to this estate which, if done as administrators, are rather startling, to say the least. They have loaned out money on notes and mortgages, collected rents from lands, sold lands, leased lands, canceled leases, paid out money for various purposes, invested money in bonds, foreclosed mortgages, purchased land at foreclosure sales,

brought suits of various kinds; they have acted, in fact, as if they were trustees with very broad powers,—and all this on the theory that the administration of the estate had not been completed. To be sure, what they did was with the sanction and approval of the probate court, to which court accounts have always been rendered. But that makes it all the more inexplicable. That some of them thought they were trustees is clear. This court has heretofore expressly refused to decide whether two of them, namely, Bruce Cartwright and Henry Smith, were trustees under the will as well as administrators. But they cannot be considered to have been trustees, as they were appointed by a probate court, and such a court has no jurisdiction to appoint trustees. See *In re Estate of Brash,* 15 Haw. 376. So if they were anything, they must have been administrators with the will annexed with no duties except that of distribution.

What, then, is the position of plaintiff? In so far as he has been acting beyond the scope of his powers, he is somewhat similar to a trustee de son tort. See *Morris v. Joseph,* 1 W. Va. 256; 91 Am. Dec. 386; *Bailey v. Bailey,* 67 Vt. 494; 1 Perry Trusts, Sec. 245. That plaintiff is administrator de bonis non of the estate with the will annexed does not help him unless there are unadministered assets, concerning which only his appointment gives him authority. It follows that plaintiff in keeping possession of the property and in collecting and paying out money is doing so at his peril. He should forthwith account for all money received by him and for all personal property which is or should be in his hands. Then, if necessary, on proper application of any of the interested parties after citing in the heirs of W. A. Aldrich and all other necessary parties, a trustee would undoubtedly be appointed to carry out the terms of the trust, to which trustee the legal title should be conveyed, his duties being to take possession of all the property real and personal and manage and care for the same and apply the income as directed by the will, distributing the personal property on the death of each life tenant. If no trustee is

appointed, then the life tenants or their assignee would be entitled, on giving sufficient security, to the possession of the property, that is, all the personalty, and two-thirds of the realty, the other one-third of the realty belonging to the heirs of O. J. Holt, such person acting as a trustee as far as remaindermen are concerned.

Plaintiff was ordered to pay from the funds of the estate a fee of $1000 to the counsel for four of the defendants. From this order plaintiff appealed but did not refer to the matter in his brief. Under some circumstances this might be considered an abandonment of the point, but in view of the facts shown in this case the matter will be considered. We are clearly of the opinion that the amount of the fee, if any at all was proper, was greatly excessive, and under the circumstances of this case the order allowing same should be set aside.

The decree appealed from is reversed and the cause is remanded to the circuit judge with instructions to dismiss the bill herein and to set aside the order for counsel fees referred to.

*W. S. Edings* for plaintiff.

*G. A. Davis; G. D. Gear; E. C. Peters; E. A. Douthitt; Judd, Mott-Smith & Hemenway; W. W. Thayer; Castle & Withington* and *A. G. M. Robertson* for defendants.