# IN THE MATTER OF THE ESTATE OF ROBERT WILLIAM HOLT, DECEASED.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MARCH 3, 1908.                    DECIDED MAY 18, 1908.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

WILLS—*Rule in Shelley's Case.*

> The Rule in Shelley's Case is not law in this Territory.

WILLS—*trusts.*

> This court having previously held that the following clause in a will created a trust, "I give, devise and bequeath to my son * * * one-quarter of all my estate, both real and personal, the income of the same to be paid to him by my executor hereinafter named for his use and support for the term of his natural life, and after the death of my said son I give, devise and bequeath the said one-quarter to the heirs of the said * * * and their assigns," that ruling is followed.

TRUSTEE—*appointment by judge in probate.*

> It is erroneous for a circuit judge sitting in probate upon an administrator's petition for the distribution of an estate to appoint a trustee.

Estate of Holt, 19 Haw. 78.

. OPINION OF THE COURT BY WILDER, J.

This is an appeal by John F. Colburn, trustee, from a decree of a circuit judge in regard to the distribution of the property by the administrator de bonis non of the estate of R. W. Holt with the will annexed.

The final accounts of the administrator having been approved, Colburn filed a petition before a circuit judge of the first circuit sitting at chambers in probate, alleging his ownership of all property bequeathed and devised by the will to John D. Holt and James R. Holt, and praying that the administrator convey to him in fee simple certain lands referred to and distribute and deliver to him in absolute ownership all the personal property remaining in the hands or under the control of the administrator. The circuit judge denied the petition in so far as it sought a distribution in fee simple of the lands and in absolute ownership of the personal property, and entered a decree ordering that the property in question be distributed to Colburn subject to the terms of the will and to other conditions unnecessary to refer to here.

Colburn is the successor in interest of John D. Holt and James R. Holt, sons of R. W. Holt, to each of whom the testator bequeathed and devised "one quarter of all my estate, both real and personal, the income of the same to be paid to him by my executor hereinafter named for his use and support for the term of his natural life, and after the death of my said ·son I give, devise and bequeath the said one quarter" to his heirs and their assigns.

The first claim of appellant is that each of the sons, John and James, took a fee simple estate under the will by virtue of the Rule in Shelley's Case. It was held in *Thurston v. Allen*, 8 Haw. 392, that the Rule in Shelley's Case was not law here. Later it was held that that holding was not obiter dictum. *Rooke v. Queen's Hospital*, 12 Haw. 375, 389. The question is not now open to argument. Therefore, it must be

held that each of the sons took only a life estate. See *Long v. Holt,* 18 Haw. 290.

The next contention is that the will expresses no trust which gives the executor or any one else the right of management and control of the property. This contention is without merit because it has already been decided adversely to the claim of appellant in *Dreier v. Holt,* 18 Haw. 179, followed by *Long v. Holt,* 18 Haw. 290. See also *Harris v. Judd,* 3 Haw. 421; *In re Guardianship of Holt,* 11 Haw. 146.

In *Harris v. Judd,* which was a submission on an agreed statement, one of the claims was that the will of R. W. Holt created the executor a trustee "to hold the said real and personal estate thereby devised and bequeathed and to pay over one-quarter of the net rents, issues and profits of the said estate to the said Owen Jones Holt" (whose interest under the will was the same as Colburn's predecessors) "for and during the term of his natural life for his use and support with remainder to the heirs of the said Owen Jones Holt and their assigns." Two of the justices expressly held and the third justice assumed that the will created a trust.

*In re Guardianship of Holt* was an appeal by James R. Holt and John D. Holt, Colburn's predecessors, from an order putting them under a spendthrift guardian. One of their contentions was that the will of their father, R. W. Holt, created a trust, a claim which is in conflict with that which is now advanced by their successor in interest.

It is argued, however, that the holding in *Dreier v. Holt,* 18 Haw. 179, contrary to appellant's present contention, was a dictum. That was a case to foreclose a mortgage of a grandson of R. W. Holt which included, besides other property, the mortgagor's interest in the land devised by the will of his grandfather. It was claimed that, as no conveyance of such interest had been made to the grandson after the death of his father, he could not mortgage it. Thus it became necessary

to inquire whether the grandson had any interest in the lands devised by the will of his grandfather and if so how he acquired it, and therefore the holding of the court that the will created a trust and that upon the death of the life tenant the statute of uses rendered unnecessary a conveyance by the trustee to the remainderman was not a dictum. It is true that in *Long v. Holt,* 18 Haw. 290, which followed the Dreier case on the point in question, it was held that the administrator de bonis non of the estate of R. W. Holt with the will annexed could not maintain a bill in equity as to the construction of the will, but it will be noticed that the reason for such conclusion was that the previous decisions of this court had already decided all that concerned the administrator in regard to the will.

It is finally urged by appellant without waiving his previous claims that in accordance with another petition which he presented the administrator de bonis non with the will annexed should be ordered to distribute to him in fee an undivided two-thirds of the land purchased during November, 1862, by W. A. Aldrich, executor of the will of R. W. Holt, upon payment by appellant to the administrator of the sum of $9713.32, being two-thirds of the purchase price paid by the executor. These lands belonged to the firm of James Robinson & Co., the partners being James Robinson, Robert Lawrence and the testator. At the instance of the executor, the surviving partners consenting, all these lands were sold under a decree of a court of equity. At the sale the executor purchased with the funds of the testator the lands in question, the deed being to him as executor "and his successors in trust for the use and benefit of the legatees named and referred to in the last will and testament of Robert W. Holt, deceased, forever." In connection with this claim appellant offered evidence tending to show that the lands in question were purchased by the executor with the funds of the estate in pursuance of an agreement with

the three sons of the testator, that after such purchase they should be rented to them at rentals sufficient to pay 10 per cent. of the purchase price, that the sons should have all the beneficial advantage of the purchase and that the purchase was made and leases executed accordingly. The action of the circuit judge in rejecting the evidence offered and dismissing the second petition referred to was so obviously correct that it is unnecessary to do more than affirm it.

There is another matter, however, which we cannot over-look, and which, although not referred to by counsel for the appellant in their brief or argument, requires a reversal of the decree, and that is in appointing Colburn a trustee under the will of R. W. Holt. So far as appears from the record, no one, not even Colburn himself, petitioned that this appointment be made, no process issued citing in any of the interested parties in the matter, no appearance was made by any one except Colburn, and, more than that, it was made by a circuit judge sitting in probate, which was erroneous. *In re Estate of Enos,* 18 Haw. 542, 547. We have no doubt that, on appli-cation by an interested party, a court of equity will, after citing in all necessary parties and having a hearing on the matter, appoint a trustee to carry out the terms of the trust. To this trustee the personal property should be delivered, and, while we express no opinion as to the title of the administrator de bonis non to the lands in question, it would be appropriate for him to transfer to the trustee whatever rights, whether of possession or otherwise, he has in connection therewith.

For the foregoing reasons the decree appealed from is re-versed and the cause remanded.

*C. W. Ashford* (with whom *E. M. Watson* was on the brief,) for John F. Colburn, trustee.