JOHN F. COLBURN *v.* WM. L. WHITNEY, SECOND JUDGE OF THE CIRCUIT COURT OF THE FIRST CIRCUIT, TERRITORY OF HAWAII, JESSIE K. KAAE, INDIVIDUALLY AND AS EXECUTRIX UNDER THE WILL AND · OF THE ESTATE OF MARGARET V. CARTER, DECEASED, JOHN C. LANE AND JUNIUS KAAE, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF MARGARET V. CARTER, DECEASED, ALBERT B. CARTER, THOMAS J. CARTER, HENRY C. CARTER, WM. L. CARTER, EUNICE K. CARTER, ALBERT B. CARTER, A MINOR, BY HIS GUARDIAN, EDGAR HENRIQUES, RICHARD N. K. CARTER, A MINOR, BY HIS GUARDIAN, EDGAR HENRIQUES, BEATRICE K. CARTER, A MINOR, BY HER GUARDIAN, EDGAR HENRIQUES, HARRIET CARTER, A MINOR, BY HER GUARDIAN, EDGAR HENRIQUES, AND ANTONINO A. LONG, AND W. J. ROBINSON, FORMERLY THIRD JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII.

## No. 865.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED NOVEMBER 1, 1915.          DECIDED NOVEMBER 8, 1915.

ROBERTSON, C.J., AND WATSON, J.

COURTS—*jurisdiction—probate order.*

A circuit judge sitting in probate has no jurisdiction over trusts as distinguished from estates. But an order of surcharge made by a circuit judge in a proceeding in probate upon the settlement of the final account of an executrix, who was also a trustee of certain property devised to her by the will, is not void for lack of jurisdiction on the part of the judge sitting in probate because in arriving at the balance with which the executrix was sur-

charged the judge erroneously took into consideration certain receipts and disbursements made in the capacity of trustee, and as agent for other trustees.

EQUITY—*bill of review—time for filing bill.*

A bill of review based upon errors. apparent on the record must ordinarily be brought within the time limited by statute for prosecuting an appeal or writ of error from the decree sought to be reviewed, except in case of the complainant's disability.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an appeal, allowed by the circuit judge, from an interlocutory order denying a temporary injunction made and entered in the above entitled suit on June 24, 1915. The bill, upon the averments of which the injunction was asked for, showed that the complainant was a surety upon a bond given by one Jessie K. Kaae as executrix of the will of Margaret V. Carter, late of Honolulu, deceased; that upon an examination and settlement of the final accounts of said executrix an order had been entered by a circuit judge sitting in probate, on the 5th day of November, 1910, surcharging her and directing her to pay into court the sum of $730.28 found to be due from the executrix to the estate; that no appeal was taken from said order; that neither the complainant nor his cosurety was notified of the hearing upon the accounts, nor was present thereat; that thereafter, the executrix having failed to comply with said order, an action was prosecuted upon the bond against said Jessie K. Kaae, principal, and J. F. Colburn and A. A. Long, sureties, and judgment was had against them; that exceptions taken to the supreme court by said Kaae and Long were overruled, and a writ of error obtained by the said Colburn was dismissed; and that an execution upon said judgment has been issued, and property of the complainant levied on. It was also averred in the bill that the circuit judge sitting in probate was without jurisdiction to enter the order of November 5, 1910, for the reasons that the sum surcharged against Mrs. Kaae as aforesaid repre-

sented a debit balance after giving her credit for and charging her with all moneys respectively received and disbursed by her in her capacity of trustee of certain property devised to her in trust by said will and as agent for Junius Kaae and John C. Lane, trustees of certain other property devised · to them in trust by said will, and not in her capacity as executrix; that all the matters and things, and items of money received and disbursed, upon which the order of surcharge was predicated were particularly within the jurisdiction of a circuit judge in equity .and not within the jurisdiction of a circuit judge sitting in probate; and that it affirmatively appeared upon the proceedings upon which said order was predicated, and now appears, that Mrs. Kaae had no moneys in her hands belonging to the estate of Margaret V. Carter, deceased, but on the contrary, said estate is indebted to her as executrix for moneys expended by her upon the administration of the estate. The prayer of the bill was that the order of surcharge of November 5, 1910, be reviewed, set aside and held for naught; that the respondents be enjoined from enforcing the judgment obtained against the complainant in the action on the bond; for costs and general relief. The proceedings had in this court in connection with the action on the bond are reported in 22 Haw. 397 and 403.

On behalf of the complainant it is contended that the order of November 5, 1910, was void; that it ought to be reviewed and set aside; and that the enforcement of the judgment in the action on the bond should be restrained by injunction. We find it impossible to sustain these contentions.

The first point to be considered is whether the order of November 5, 1910, was void because of the lack of jurisdiction of the circuit judge, sitting in probate, to make it. Counsel for the complainant argues that as it was made to appear by the bill of complaint that in the proceeding in

which the order of surcharge was made against the executrix, and in ascertaining the balance found to be due from the executrix to the estate, the circuit judge took into account certain receipts and disbursements of Mrs. Kaae in capacities other than that of executrix, namely, as a trustee and as agent for other trustees, the want of jurisdiction was shown and the invalidity of the order established, since circuit judges sitting in probate have no jurisdiction over trusts as distinguished from estates. Although, in this Territory, there are no "probate courts" or "chancery courts," as all original probate and equity jurisdiction is vested by law in "circuit judges at chambers," nevertheless there is a clear line of demarcation between the two jurisdictions, and it must be regarded as definitely settled that a circuit judge sitting in a proceeding essentially "probate" in character has no authority to appoint a trustee or to compel a trustee, as distinguished from an executor or administrator, to account. *Estate of Brash,* 15 Haw. 372, 377; *Long* v. *Holt,* 18 Haw. 290, 297; *Estate of Enos,* 18 Haw. 542, 547. It must be conceded, therefore, that the circuit judge, while sitting in probate in the matter of the estate of Margaret V. Carter, deceased, would have had no power to compel Jessie K. Kaae, in her capacity of a trustee under the will of certain property, or as the agent of other trustees of other property devised in trust to them, to file an account or to surcharge her with a debit balance if the proceeding had been one instituted for *such* purpose. But the averments contained in the complainant's bill show that the proceeding in which the order of surcharge of November 5, 1910, was made was not only one essentially "probate" in character, but was instituted for the purpose of hearing and settling the final account of Mrs. Kaae, which had been filed by her in her capacity as executrix of the will. The circuit judge, sitting in probate, had jurisdiction of the subject matter. If, in the settle-

ment of the account of the executrix, a mistake was made, and in arriving at a supposed debit balance and surcharging the executrix therewith, the circuit judge had through some misapprehension of the facts confused other matters with those pertaining to the administration of the estate, the order of surcharge was erroneous, and liable to reversal if appealed from, but it was not on that account void. For present purposes the averments of the bill are taken as true, and it is assumed to be a fact that such an error did occur, but it is not true that the mistake had the effect of ousting the circuit judge of jurisdiction to make the order. Upon the theory that the order of surcharge, the failure of the executrix to comply with which gave rise to the action on the bond, was void, the complainant, clearly, is not entitled to an injunction against the enforcement of the judgment rendered against him in that action. The defense that the order was void was available in that action, but the contention does not appear to have been made at the trial. The enforcement of a judgment at law will not be restrained in equity because of the existence of a defense which was available in the action at law but which was not presented solely because of the choice or fault of the defendant. *Scott* v. *Pilipo,* 21 Haw. 766, 771; 4 Pom. Eq. Jur. (3rd. ed.) Sec. 1361. In any event the complainant cannot say he has not had his day in court as to that point. And the validity of the judgment in the action on the bond is not attacked.

Counsel for the complainant argues that the bill in this case may be maintained as one in the nature of a bill of review, and that as error in law apparent on the record was shown, the order of November 5, 1910, should be reviewed and set aside. Without considering other possible objections that might perhaps be raised in connection with this contention, we are of the opinion that the bill, as one of review, comes too late. The maximum time allowed

by the statute for the filing of a writ of error is six months from the entry of the judgment or decree against which the writ is directed. "A bill of review based upon errors apparent must ordinarily be brought within the time limited by statute for prosecuting an appeal or writ of error from the decree sought to be reviewed, except in case of the complainant's disability. If it be filed within that time it is not, in the absence of special facts requiring speedier action, barred by laches." 2 Beach, Mod. Eq. Pr. Sec. 864. See also 3 Enc. Pl. & Pr. 583; *Cent. Trust. Co.* v. *Grant Locomotive Works,* 135 U. S. 207, 227; *Fraenkl* v. *Cerecedo,* 216 U. S. 295, 301; *Genz* v. *Genz,* 254 Ill. 161; *Kelsey* v. *Dilks,* 72 N. J. E., 834. In the case at bar it is not claimed that the complainant was under any disability, nor are there present any fraudulent circumstances or other exceptional facts which could possibly take the case from under the rule.

Mr. Justice Quarles being disqualified, the parties stipulated to submit the case to the remaining justices.

The order disallowing a temporary injunction is affirmed.

*J. Lightfoot* for complainant.

*Lorrin Andrews* (*W. J. Robinson* with him on the brief) for respondents.