## FRAENKL v. CERECEDO HERMANOS.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 411.   Submitted January 10, 1910.—Decided February 21, 1910.

Where a bill of review is presented for filing within the period allowed, and the court delays passing upon the application until after that period has elapsed, the time between tendering the bill for filing and permission given to file is not counted in applying the limitation. *Ensminger* v. *Powers*, 108 U. S. 292.

Jurisdiction is determined as of the time of commencement of the suit, and even though the jurisdiction of the court be enlarged by a subsequent statute so as to include the parties, the court cannot acquire jurisdiction against objection.

After a case has been decided below without reference to any Federal question parties may not for purpose of review by this court inject a Federal question by the suggestion that a Federal right was relied on.

1 Porto Rico Fed. 53, affirmed.

This is an appeal from a decree of the District Court of the United States for Porto Rico, upon a bill of review, vacating and annulling a decree entered by that court in an equity cause, and dismissing the bill of complaint in said cause without prejudice.

The bill in the equity cause referred to was filed in December, 1900. The present appellants were complainants. Some of them were alleged in the bill to be copartners doing business in Dundee, Scotland, as Jaffe Brothers & Company, and to, be subjects of the Queen of Great Britain and Ireland. The others were averred to be copartners doing business in Berlin, Germany, as Hinne & Company, and to be subjects of the Emperor of Germany. The defendants to the bill were Demetria Bolta and Alfredo Arnaldo y Sevilla, and various other individuals alleged to be the general and special partners of a firm styled J. Fernandez & Co. Among such were Manuel, Enrique, José and Francisco Cerecedo, all of whom were members of a firm styled Cerecedo Hermanos, which firm, it was charged, was a special partner in J. Fernandez & Co. All the defendants were averred to be citizens and residents of Porto Rico.

The allegations of the bill were thus summarized in an opinion rendered in the court below:

"It avers, in substance, that Fernandez & Co., of which firm Cerecedo Brothers were special partners up to the time when Fernandez & Company suspended payment, were indebted to the complainants in certain sums set forth in the bill; that fraudulently and to obtain time the last-named firm agreed with Jaffe Brothers & Company to transfer to them certain securities upon third parties for their debt, but thereafter proposed to turn them over in actual payment *pro tanto,* but when the agent of Jaffe Brothers & Company obtained authority to agree to this, said firm applied for suspension of payments; that to get this they issued false evidences of indebtedness to Cerecedo Brothers and others; that after the suspension of payments Fernandez, as liquidator, fraudulently transferred the securities complainants Jaffe Brothers & Co. were to have to a third party without consideration, and for half of their value, Cerecedo Brothers being in fact the real purchasers; that Fernandez, after the suspension of payments, turned over to Cerecedo Brothers a large amount

of property, the amount being unknown to complainants, and disposed of a large part of the assets fraudulently., Interrogatories were propounded in the bill to Fernandez. The relief sought was a specific performance of the agreement with Fernandez as to the securities; that a receiver be appointed and the assets of Fernandez & Company be marshaled; that Fernandez & Company be enjoined from collecting said securities or interfering with the company's assets; that they be delivered to the receiver, the liens be ascertained, the property sold and distributed among the creditors, Jaffe Brothers & Company being allowed to participate in the distribution, said securities being first applied on their debt."

After the return of service of summons upon the firm, Herbert E. Smith, signing himself "Solicitor for defendants," filed a "special appearance" in the case "for the purpose of moving the court for the compliance on the part of the plaintiffs with the rule of court relative to non-residents giving security for costs, and for the purpose of opposing the motion for an injunction and receiver." On January 14, 1901, a receiver was appointed, who however never qualified. It was recited in the order appointing the receiver that after due notice had been given of an application for temporary injunction, the cause had been fully argued by counsel for the respective parties. Subsequently, on January 31, 1901, by written stipulation between counsel for the plaintiffs and defendants, it was agreed "that the defendants herein may and shall have until the 20th day of February, 1901, for the purpose of demurring to, pleading to or answering the bill of complaint of said complainants herein." Thereafter, on February 23, 1901, a decree *pro confesso* was entered against all the defendants, and complainants were given leave to proceed *ex parte.* On June 8 following a final decree was entered, adjudging the general and special partners in the firm of J. Fernandez & Co. to be indebted to the complainants in specified amounts, cancelling and annulling, as against the rights of complainant, because fraudulent and fictitious, the

alleged indebtedness of the firm of J. Fernandez & Co. to the special partners, cancelling and setting aside as fraudulent the transfers made to the defendant Bolta, and adjudging that the defendants composing the firm of J. Fernandez & Co. pay the amounts found due to the complainant, and that in default of so doing execution should issue. On January 31, 1902, an execution was issued, which was levied upon the property of the firm of Cerecedo Hermanos. Thereupon, on February 6, 1902, there was filed in the court from which the execution issued, on behalf of the members of that firm, a petition praying for leave to file a bill to review and set aside the decree theretofore entered *pro confesso* against them. The petition recited the presentation of the bill of review, and that document was marked as "Tendered February 6, 1902."

Both in the petition and bill of review various errors asserted to be apparent on the face of the record were set out, which, from the view we take of the case, need not be here detailed.

While, as stated, the petition for leave was filed on February 6, 1902, leave to file was not granted until June 22, 1903, on which date the court filed an opinion. 1 Porto Rico Fed. 53. The opening paragraph of the opinion is as follows:

"This is a petition for leave to file a bill of review, which is also tendered. The decree asked to be set aside was entered June 8, 1901. This petition was presented February 6, 1902. Objection is made that it comes too late. It is claimed that the act of Congress of March 3, 1891, relative to the United States Court of Appeals, applies to it. The limitation for appeal, and which, by analogy, has been applied in equity to the time for filing bills of review, applicable, however, is the two years provided in section 1008 of the United States Revised Statutes. *Clark* v. *Killian*, 103 U. S. 766; *Allen* v. *S. P. R. Co.*, 173 U. S. 479."

The court considered two of the grounds assigned in support of the petition for leave to file. One related to the jurisdiction of the court to render the decree and was disposed

of by the statement that all the complainants were aliens. Upon the ground, however, that the averments of the bill in the main cause did not authorize the money decree which had been rendered, it was held that in order to prevent injustice the "petitioners should be allowed to file their bill of review, appear, open the decree, and make defense," upon payment of costs to date and the execution of a bond in the sum of fifteen thousand dollars, conditioned to perform any judgment that might finally be rendered against them. On June 19, 1903, an order was entered permitting the filing of the bill of review, opening the decree in the original cause and permitting the Cerecedos to appear therein and make defense, and ordering the return of the execution upon the giving of bond. The condition as to payment of costs and giving bond having been complied with, thereafter, on October 13, 1903, a demurrer was filed to the bill of review, and at the same time in the main cause a plea to the jurisdiction of the court was filed.

On October 14, 1903, an amended bill of review was filed. Nearly four years afterwards, on June 1, 1907, an opinion was filed, holding that the demurrer to the bill of review and also the plea to the jurisdiction in the main case should be overruled. On the twenty-second of the same month an answer was filed to the bill of review, to which a reply was filed in the following month. On the same day the Cerecedos also demurred to the bill of complaint in the main cause. On April 3, 1908, the court vacated, as improvidently made, the order opening the final decree in the main cause and suspended further proceeding therein until the determination of the questions raised by the bill of review. On October 30 following, however, the court consented to a reargument of the plea to the jurisdiction in the main cause which had been theretofore adversely ruled upon, with the result that on February 1, 1909, the plea to the jurisdiction was sustained. A final decree was thereupon entered upon the issues made upon the bill of review, and after reciting that it appeared upon the

face of the record in the original cause that the court was without jurisdiction to entertain the same, it was decreed as follows:

"It is, therefore, hereby ordered, adjudged and decreed that this bill to review the proceedings of this court in said original cause be, and the same hereby is, sustained for the reason aforesaid; that the decree entered by this court on the 8th day of June, A. D. 1901, in the city of Mayaguez, in favor of complainants in said original suit, the same being as aforesaid No. 6 on the equity docket at Mayaguez, entitled *Jaffe Brothers & Company* and *Hinne & Company* v. *J. Fernandez & Company and Cerecedo Brothers*, be, and the same hereby is, vacated and annulled; and that said original bill of complaint be, and the same hereby is, dismissed without prejudice, with costs of this bill of review in favor of the complainants herein."

The cause was then appealed to this court.

*Mr. N. B. K. Pettingill* and *Mr. George H. Lamar* for appellant:

A bill of review must be *filed* within the statutory period for taking an appeal or writ of error. *Thomas* v. *Harvie's Heirs*, 10 Wheat. 146; *Central Trust Co.* v. *Grant Locomotive Wks.*, 135 U. S. 207. From the Porto Rico court this would be two years. *Allen* v. *So. Pac. Ry. Co.*, 173 U. S. 479; *Royal Ins. Co.* v. *Martin*, 192 U. S. 149; Rev. Stat., §§ 702, 1008.

The objection to the jurisdiction of the District Court of the United States for Porto Rico was not seasonably raised and under the circumstances of this case the court properly took and retained jurisdiction. *Kennedy* v. *Bank*, 8 How. 586; *Ex parte Watkins*, 3 Pet. 193; *Dowell* v. *Applegate*, 152 U. S. 327, 340.

The lower court had jurisdiction after the act of March 2, 1901, 31 Stats. 953, when the final decree was entered and the passage of that act cured any defect of jurisdiction. *Pacific R. R. Co.* v. *Ketchum*, 101 U. S. 289; *Richardson* v. *Green*, 61 Fed. Rep. 423, 431; *First National Bank* v. *Radford Co.*, 80

Fed. Rep. 569; *Hoffman* v. *Knox*, 50 Fed. Rep. 484; *Masterson* v. *Howard*, 18 Wall. 99; *Pennsylvania* v. *Bridge Co.*, 18 How. 421.

The original bill also raised a Federal question as the construction of a statute of the United States was involved and that gave the court jurisdiction. *Cohens* v. *Virginia*, 6 Wheat. 264, 379; *Osborne* v. *Bank*, 9 Wheat. 738, 822; *Wyman* v. *Wallace*, 201 U. S. 230.

*Mr. Francis H. Dexter* for appellees.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The assignments of error which require consideration assail the power of the court below to permit the filing of the bill of review, and also question the validity of its action in vacating the decree entered in the main cause and dismissing the bill filed therein.

Respecting the first, the proposition is that the limit of time within which a bill of review might be filed had expired when leave was given, and that the court should have required payment of the money judgment decreed in the main cause before granting permission to file the bill of review. These contentions are untenable. True it is that in analogy to the time allowed by law for an appeal to this court from a final decree of the District Court of Porto Rico, the bill of review should have been filed in two years from June 8, 1901, the date when the final decree sought to be reviewed was entered, and the bill of review was not actually filed until June 22, 1903. But the bill was presented for filing on February 2, 1902, and it is plain that the failure of the complainants in the bill of review to actually file the same until June 22, 1903, was occasioned by the action of the court in not sooner passing upon the application for leave to file. Under such circumstances, we think the time which elapsed between the

tendering of the bill for filing and the permission given to file should not be counted in applying the two years' limitation. *Ensminger* v. *Powers,* 108 U. S. 292. As respects the granting of permission to file the bill of review, the court was vested with a judicial discretion to permit such filing without a previous payment of the moneys awarded by the decree sought to be reviewed, and there was no abuse of such discretion in giving leave to file, conditioned upon the furnishing of the indemnity bond which was thereafter executed.

*As to the alleged error in vacating the decree entered in and dismissing the original cause.*—In the court below the allegation attacking the jurisdiction of the court over the original cause was as follows:

"That this court did not have jurisdiction of the original cause and bill of complaint, for the reason that, according to the allegations of said bill, all the parties plaintiff were foreign subjects, and all the parties defendant were citizens of Porto Rico, there being no citizen of the United States or of a State of the United States a party defendant, and no other or sufficient ground or reason for the jurisdiction of this court is in the said original bill set forth sufficient to give this court jurisdiction of the said cause."

The bill in the main cause was filed in December, 1900. At that time the jurisdiction of the court below was fixed and limited by § 34 of the act of Congress of April 12, 1900, commonly known as the Foraker Act, which established civil government in Porto Rico. It was provided in the section that the District Court of the United States for Porto Rico "shall have, in addition to the ordinary jurisdiction of District Courts of the United States, jurisdiction of all cases cognizant in the Circuit Courts of the United States, and shall proceed therein in the same manner as a Circuit Court." That, in view of the parties to the controversy, the case would not have been cognizable in a Circuit Court of the United States is obvious, and hence, manifestly, the court below was without jurisdiction under the act of 1900. It is urged, how-

ever, that as the final decree in the main cause was entered in June, 1901, although the court was clearly without jurisdiction to entertain the cause when the bill was filed, as no question as to jurisdiction had been raised, the court had power to enter the decree by virtue of the third section of the act of March 2, 1901, 31 Stat. 953, chap. 812, reading as follows:

"That the jurisdiction of the District Court of the United States for Porto Rico in civil cases shall, in addition to that conferred by the act of April twelfth, nineteen hundred, extend to and embrace controversies where the parties, or either of them, are citizens of the United States, or citizens or subjects of a foreign State or States, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of one thousand dollars."

*Pacific R. Co.* v. *Ketchum*, 101 U. S. 289, 298, is cited as authority for the proposition. In that case, however, not only was no objection made by the parties in the progress of the cause to the right of the court to proceed, but the decree when rendered was consented to, and the ruling was that although "Consent cannot give the courts of the United States jurisdiction, it may bind the parties and waive previous errors, if when the court acts jurisdiction has been obtained." A brief consideration, however, of the circumstances in this case demonstrates that the *Ketchum case* is not in point. The last appearance of the defendants in the litigation in the main cause was on January 31, 1901, when a stipulation was made in respect to the time for pleading to the bill, and, of course, an exertion of jurisdiction by the court was neither invoked by the defendants nor consented to by them after the enactment of the amendatory statute of 1901. Under such circumstances it cannot be held that the defendants were estopped from availing of the objection of want of jurisdiction.

The additional contention is made that the case presented by the bill in the main cause was one arising under the laws of the United States, and that because thereof jurisdiction

existed, irrespective of the want of citizenship of the parties. The argument is that the complainants, in their bill, made reference to the provisions of an order of the military governor of Porto Rico concerning "suspension of payments," which, if given proper effect, would have prevented the accomplishment of the fraud which it was the object of the bill to prevent. This order thus referred to, it is said, was, in legal effect, a law of the United States, and the reference to and reliance upon its provisions was an invoking of the jurisdiction of the court on the Federal ground that the case was one arising under the laws of the United States. In our opinion, however, there is not even color for the proposition that the bill presented a controversy arising under a law of the United States, even if the military order referred to be treated as a law of the United States. To sustain such a contention it must appear that a controversy of that nature was called to the attention of the lower court in such a way as to invoke its action thereon. In other words, after a case has been decided below parties may not, for the purpose of a review by this court, attempt to inject a Federal question into the cause by suggesting that it would have been possible by a latitudinarian construction of the pleadings to suggest that a right under the Constitution or a law of the United States was relied upon. And of course in saying this we must not be understood as intimating that the assumed Federal question, even if it had been called to the attention of the court below, would have had sufficient substantiality to have been the basis for jurisdiction.

*Affirmed.*