WRIGHTSVILLE HARDWARE CO. v. HARDWARE & WOODENWARE MFG. CO. et al.

(Circuit Court, S. D. New York. August 5, 1910.)

1. REMOVAL OF CAUSES (§ 60*)—CITIZENSHIP—SEPARABLE CONTROVERSY.

Where two persons, one a resident of the state and one a resident of another state, were joint receivers of a corporation, and acted jointly in receiving and holding what they have received from their predecessor, so that they were both indispensable parties to an action concerned with their receivership, or with their conduct as receivers, there was no separable controversy between the nonresident receiver and plaintiff suing for relief from certain transactions of the receivers' predecessor relating to the receivership, which would entitle the nonresident receiver to remove the cause to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 114; Dec. Dig. § 60.*

Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

2. REMOVAL OF CAUSES (§ 102*)—RIGHT OF REMOVAL—DOUBTFUL CASE.

Where the right to remove a case from the state to the federal court is doubtful, the doubt is resolved in favor of a remand; and hence in an action against receivers, where it is a doubtful question whether the acts and jurisdiction of the successive receivers, which are complained of, were in carrying on the business connected with the property placed in receivers' hands by the federal court, so that no leave to sue would be necessary under the express provisions of Act Cong. Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), the case will be remanded.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–224; Dec. Dig. § 102.*]

Action by the Wrightsville Hardware Company against the Hardware & Woodenware Manufacturing Company and others. On motion to remand to the state court. Motion granted.

Elbridge L. Adams, for plaintiff.

Lawrence & Lawrence, for defendants.

LACOMBE, Circuit Judge. This action was brought in the New York Supreme Court by the plaintiff, a Pennsylvania corporation, against the Hardware & Woodenware Manufacturing Company, a New York corporation, and three individuals, Colwell, Crandell, and Cudworth, of whom the first two are residents of the Southern District of New York and the third is a resident of Vermont. Colwell and Crandell were, respectively, president and treasurer of the Hardware & Woodenware Company. That corporation was placed in the hands of a receiver by decretal order of this court on February 7,

1908, and Colwell was appointed receiver. He resigned in September, 1909, and Crandell and Cudworth were jointly appointed receivers in his stead.

The complaint alleges: That prior to receivership the defendant corporation was the owner and holder of a majority of the stock of the plaintiff, and managed and controlled its policy through a board of directors of which Colwell and Crandell and certain employés of the Hardware & Woodenware Company were a majority. That through their control of the plaintiff corporation the defendants the Hardware & Woodenware Company, Colwell, and Crandell wrongfully procured the making of certain promissory notes and bonds by the plaintiff for the benefit of the Hardware & Woodenware Company and converted to the use of the latter certain property and assets belonging to. plaintiff. The greater part of these acts are alleged to have been committed prior to the appointment of Colwell as receiver. That on December 12, 1908, plaintiff was compelled to execute and deliver to Colwell as receiver a demand note for $5,000 and a check for $11.60 ostensibly in payment of commissions for the year 1908, which had actually been paid in advance at the beginning of the year upon the demand of Colwell. That, notwithstanding the making and delivery of said note ostensibly in full payment for commissions for the year 1908, Colwell as receiver did on January 9, 1909, wrongfully demand of the plaintiff another payment of $5,011.77, and compelled the plaintiff to give him a demand note for that amount. That on January 16 and January 22, 1908 (before receivership), notes for $4,875 and $5,000, respectively, were illegally and fraudulently obtained by the defendant corporation from the plaintiff without any consideration and wholly for the accommodation of the woodenware company, and that said notes are still held by the defendants Crandell and Cudworth as receivers, who have refused to return them to the plaintiff. It is further alleged that the woodenware company or its receiver or receivers also compelled the plaintiff to assign and deliver to said woodenware company or to its receiver or receivers, as collateral to said notes mortgage bonds of the plaintiff, which the defendants still hold and refuse to return on demand. The complainant also avers that Colwell as receiver wrongfully, illegally, and fraudulently charged to plaintiff expenses connected with his receivership, for which plaintiff was not liable, and compelled plaintiff to pay to him as such receiver certain moneys as and for fictitious claims and expenses and appropriated to his own use or to the uses of the woodenware company certain of plaintiff's assets. The relief demanded is an accounting of these various transactions, for a decree adjudicating the said notes and bonds void and requiring the defendants to restore the same to plaintiff, or, if the restitution of the bonds and notes cannot be had, that plaintiff recover damages from such of the defendants as may be liable, that a trust be impressed on any property or money of the plaintiff found in the possession of Crandell and Cudworth as receivers, and that an injunction issue restraining receivers from negotiating any of the bonds or notes which may be in their possession. The action was removed into this court by a veri-

fied petition, signed by all the defendants. In opposition to the motion to remand it is contended that there is a separable controversy between plaintiff and Cudworth, who is the only nonresident; and also that the action arises under the Constitution and laws of the United States.

From the extended reference to the averments of the complaint, which will be found above, it is difficult to see how there could be found any separable controversy between plaintiff and Cudworth, if he were sole receiver. But he is not. He and Crandell are joint receivers, and act jointly in holding onto whatever they have received from their predecessor. Both of them are indispensable parties to an action concerned with their receivership, or with their conduct as receivers. Crandell, being a resident, cannot remove, and Cudworth has no personal controversy separable from Crandell which he can drag into this court.

The other ground on which it is sought to sustain removal is that the action arises under the Constitution and laws of the United States. Manifestly no constitutional question is anywhere presented, and it is well settled by authority that a suit against a receiver does not arise under the laws of the United States merely from the fact that he was appointed by a federal court. The defendant's theory is that the trial of the cause will involve a construction of Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), which reads as follows:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which such receiver or manager was appointed."

In this suit no previous leave to sue was obtained, and defendants contend that there exists a controversy between the parties as to whether this is or is not such an action as is contemplated by the statute above quoted, and that a federal question is thereby presented. Reliance is had on Evans v. Dillingham (C. C.) 43 Fed. 177, where suit was brought to enjoin a federal railway receiver from removing certain shops, in which the court said:

"It is urged by defendant's counsel with certainly some apparent force that it is material what is the sound construction of the act of 1877 affecting this case; that the fact that it must be construed in order to determine the plaintiff's right to sue presents such a federal question as authorizes the removal. Whether this view be sound or not, it seems to me that in the as yet unsettled state of judicial opinion as to the correct construction of the provisions of the act on the subject the petition for removal does present a federal question, which the defendant is entitled to have passed upon by the United States courts."

The utmost that can be contended for in the case at bar is that it is a doubtful question whether or not the acts and transactions of the successive receivers which are complained of were "in carrying on the business connected with the property" placed in receivers' hands by this court. The question does not seem doubtful to me, but, conceding that it is, the practice in this circuit differs from that followed in Evans v. Dillingham. When the right to remove is doubtful, the

doubt is resolved in favor of a remand. Plant v. Harrison (C. C.) 101 Fed. 307; Fitzgerald v. Missouri Pac. Ry. Co. (C. C.) 45 Fed. 812. This is for a very good reason. There can be no question that the state court has jurisdiction of the case and having jurisdiction can decide all questions which may arise, federal questions included. And if it decide the federal questions correctly, and the case eventually goes to the Supreme Court, its decision will be sustained, and the trial will have accomplished something. If, however, there is no federal question (and no right to remove because of nonresidence), the United States Circuit Court would have no jurisdiction. There is no appeal from an order granting or refusing remand, so the question of removal could not be decided until after trial and on appeal from final judgment. If then decided adversely, the time and expense of trial would be wasted.

The motion to remand is granted.