<hr/>

WRIGHTSVILLE HARDWARE CO. v. COLWELL et al.

(Circuit Court, S. D. New York. August 5, 1910.)

REMOVAL OF CAUSES (§ 102*)—RIGHT TO REMEDY—DOUBTFUL CASE.
    Where the question whether a case is removable to the federal court, as involving the construction of a federal statute, is doubtful, the case will be remanded to the state court.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–224; Dec. Dig. § 102.*]

Action by the Wrightsville Hardware Company against Nicholas H. Colwell and others. On motion to remand to the state court. Motion granted.

Elbridge L. Adams, for plaintiff.
Lawrence & Lawrence, for defendants Colwell and others.
Einstein, Townsend & Guiterman, for other defendants.

LACOMBE, Circuit Judge. The plaintiff is a Pennsylvania corporation. Defendants are Colwell, Collins, Dockendorff, and Crandell, residents of the Southern district of New York; McElroy and Keller as executors of McElroy, deceased, Birnstock, and Harry McElroy, residents of Pennsylvania; Crandell and Cudworth joint receivers of the Hardware & Woodenware Manufacturing Company, a New York corporation, and the Trust Company of America, a New York corporation. This court on usual bill in equity appointed Colwell receiver of the woodenware company February 9, 1908. He resigned in September, 1909, and Crandell and Cudworth were jointly appointed receivers in his place. Cudworth is a resident of Vermont. Colwell and Crandell were, respectively, president and treasurer of that company. The defendants resident in Pennsylvania have not been served, nor have they appeared. The suit was begun in the state Supreme Court, and was removed on petition of Colwell, Collins, Dock-

endorff, Crandell, and Cudworth. The following synopsis of the cause of action is taken from defendants' brief:

"The complaint alleges that on or about February 7, 1908, the Hardware & Woodenware Manufacturing Company was placed in the hands of a receiver (Colwell); that shortly before the appointment of said receiver, and for the benefit of the said Woodenware Manufacturing Company, the various defendants herein, except Dockendorff and Trust Company of America, made an agreement by which certain notes and bonds were executed by the plaintiff without consideration, and were given to the Pennsylvania defendants and are now in their hands; that the Hardware & Woodenware Manufacturing Company, Colwell, Collins, and Crandell caused these notes and bonds to be executed because of their control over the plaintiff. These acts occurred prior to the receivership. The Trust Company of America is made a party merely as a trustee for the holders of the said bonds, and the only relief asked against it is that it be restrained from taking any proceedings to enforce said bonds. No relief is asked against defendant Dockendorff. The relief demanded against the other defendants is that said notes be declared void, and that said bonds be decreed void and be surrendered for cancellation; that, if this cannot be done, plaintiff have damages against defendants McElroy, Birnstock, and Keller for an accounting and damages; in case the court should find it inequitable that defendants McElroy, Birnstock and Keller should surrender their bonds, that Colwell, Collins, and Crandell may be required to account for their conduct in the management and disposition of the funds and property of the plaintiff and for damages against said Colwell, Collins, and Crandell, and, if complete relief cannot be had in any of the foregoing forms, then for judgment against the receivers of the Hardware & Woodenware Manufacturing Company for the amount which the treasury of the plaintiff has been depleted for the benefit of the Hardware & Woodenware Manufacturing Company."

Leaving out the Pennsylvania defendants, the only nonresident defendant is Cudwell, one of the joint receivers of the manufacturing company. There is no suggestion of any separable controversy to which he is a party. Indeed, it is an open question whether the present receivers are necessary or proper parties at all. The plaintiff's brief asserts that they "are connected with this suit only in a remote way," and that, "if not necessary parties, they have a remedy" presumably by demurrer. The only ground for removal relied upon is that the suit involves a construction of the act of August 13, 1888 (section 3), because they have been sued without previous leave of the court, and the acts complained of were not performed in the transaction or carrying on of the business connected with the property of which they are receivers.

This point was considered in memorandum of opinion in suit by same plaintiff against the Hardware & Woodenware Company (filed to-day) 180 Fed. 586. The question whether the construction of a federal statute is involved in this case may possibly be considered as it was in that, a doubtful one, and the cause had better be relegated to the state court. It would be regrettable if the cause should be retained, the receivers secure a dismissal of the action against themselves on demurrer, and the federal court be left with a controversy on its hands with which it has nothing to do.

Motion to remand is granted.