## VANDERBILT v. KERR et al.

### (Circuit Court, S. D. New York. April 7, 1911.)

**1. REMOVAL OF CAUSES (§ 19*)—NATURE OF CONTROVERSY—CASES ARISING UNDER FEDERAL CONSTITUTION.**

That, in a suit by the owner of bonds against trustees, who were to hold securities in trust for the benefit of the owners of said bonds, a receiver appointed by United States court had begun a suit against the defendants, was not ground for removal, as presenting a controversy arising under the Constitution and laws of the United States; the receiver

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not being a party, no relief being demanded against him, and the principal relief demanded being the removal of defendants and the appointment of another trustee.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 37–46; Dec. Dig. § 19.*]

2. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND—HEARING.

Where, on a motion to remand a cause to the state court, the jurisdiction of the federal court is doubtful, the verdict should be resolved in favor of the state court having jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 225–234; Dec. Dig. § 107.*]

In Equity. Suit by Edmund A. Vanderbilt against Lawrence R. Kerr and another. On motion to remand to the New York Supreme Court, County of New York. Motion granted.     •

J. Noble Emley, for plaintiff.
Shattuck & Glenn, for defendants.

COXE, Circuit Judge. The asserted jurisdiction of this court rests solely upon the contention that the cause of action arises under the constitution and laws of the United States.

The plaintiff, who is the owner of four $100 bonds of the Intercity Realty Company, brings this action on behalf of himself and all other bondholders, alleging the misconduct of the defendants and asking for their removal as trustees under a trust agreement pursuant to which they were to hold securities in trust for the benefit of the owners of the said bonds. The complaint also demands judgment for an accounting and that the defendants turn over the property in their hands to a substituted trustee, and for other similar relief.

In short, the bill seeks the removal of the defendants as trustees, for alleged misconduct, and the appointment of another trustee in their place, to whom the property in their hands is, after an accounting, to be turned over.

It appears by the bill that in a statement of assets and liabilities made by the defendants September 1, 1910, there is a cash item of $127,804 which is in dispute, and that the receiver appointed in an equity suit in the United States Circuit Court has begun an action against the defendants herein for the recovery of the said $127,804.

Based upon these allegations of the complaint the defendants assume that the controversy in this suit "centers around" this cash item. On this assumption they contend that a "federal question" is presented.

[1] I am not at all persuaded that this assumption, limiting the controversy to the item aforesaid, is correct, but assuming that it is, it by no means follows that this suit presents a controversy arising under the constitution and laws of the United States. The fact that a receiver appointed by a United States court has begun a suit against these defendants does not raise a federal question in this action in which the principal relief demanded is the removal of the defendants for alleged misconduct and the appointment of another trustee in their place.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The United States receiver is not a party to this action and no relief is demanded against him. The only defendants are the two persons whom the plaintiff seeks to remove as trustees. I am not convinced by the defendants' argument, but in the most favorable view which can be taken of their contention, it must be conceded that the question is involved in doubt and that this doubt should be resolved in favor of a court which unquestionably has jurisdiction.

The lack of jurisdiction can be raised at any stage of the litigation and it is for the interest of both parties that after their controversy has proceeded to trial the action shall not be thrown out of court and the labor, perhaps of years, be rendered nugatory.

Motion granted.