ORR v. BALTIMORE & O. R. CO.

(District Court, S. D. New York. February 16, 1914.)

No. 92.

1. REMOVAL OF CAUSES ⬳12—RESTRICTIONS AS TO DISTRICT IN WHICH SUIT MIGHT BE BROUGHT.

An action in which the jurisdiction of the federal court, if any, depends upon the fact that it arises under a law of the United States, could not be brought in a district other than that of which defendant was an inhabitant, and therefore cannot be removed by defendant against plaintiff's objections to the District Court of a district other than that of which defendant is an inhabitant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33.]

2. REMOVAL OF CAUSES ⬳102—REMAND—DOUBT AS TO JURISDICTION.

Where it is doubtful whether a cause arises out of a law of the United States, so as to give jurisdiction to a federal court under Judicial Code (Act March 3, 1911, c. 231) § 24, subd. 8, 36 Stat. 1092 (Comp. St. 1916, § 991[8]), the case will be remanded to the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 224.]

At Law. Action by Orton G. Orr against the Baltimore & Ohio Railroad Company. On motion to remand. Motion granted.

Tipple & Plitt, of New York City, for plaintiff.
Cravath & Henderson, of New York City, for defendant.

WARD, Circuit Judge. [1] This is a civil suit, in which the jurisdiction of the court, if there be any, depends, not upon the citizenship of the parties, but upon the fact that it arises under a law of the United States, viz., Interstate Commerce Act, Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 (Comp. St. 1916, § 8592). As such it could not have been brought in this court, because the defendant, being a corporation of Maryland, is not an inhabitant of this district. Therefore it cannot be removed by the defendant against the objections of the plaintiff. Western Union Telegraph Co. v. Louisville & Nashville R. Co. (D. C.) 201 Fed. 932.

[2] Furthermore, the decisions make it very doubtful whether the suit, assuming that it does depend upon section 20 of the Interstate Commerce Act, does arise out of a law of the United States within the meaning of section 24, subd. 8, of the Judicial Code, and in case of doubt it has always been the practice of this circuit to remand.

Motion granted.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes