## RICHARD v. NATIONAL CITY BANK OF NEW YORK.

District Court, S. D. New York.

Feb. 20, 1934.

Engelhard, Pollak, Pitcher & Stern, of New York City (Walter H. Pollak, Frederic C. Pitcher, and Ruth I. Wilson, all of New York City, of counsel), for plaintiff.

Shearman & Sterling, of New York City (Joseph M. Proskauer, Philip A. Carroll, Otey McClellan, and M. V. Voorhies, all of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The question is whether the provision of the Glass-Steagall Banking Act permitting the removal of certain actions against national banks from state courts to the District Court (Act June 16, 1933, c. 88, § 15; [12 USCA § 632]) applies to suits pending in a state court at the time when the act took effect.

The relevant portion of the statute reads:

Section 25 (b). "Notwithstanding any other provision of law all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. Such removal shall not cause undue delay in the trial of such case and a case so removed shall have a place on the calendar of the United States court to which it is removed relative to that which it held on the State court from which it was removed."

This action was brought in the New York Supreme Court on December 8, 1932, to recover deposits alleged to have been received by the defendant at its Petrograd branch. After the passage of the Glass-Steagall Act, the defendant, a national bank, removed the case to this court. The plaintiff has made a motion to remand the case to the state court. Concededly there was no ground for removal except that the case was one against a corporation organized under the laws of the United States and arose out of transactions involving international or foreign banking.

■■ The question is purely one of construction of the statute. The power of Congress to grant jurisdiction to the federal courts in cases brought against corporations organized under the laws of the United States was settled in Osborn v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204. Indeed, the present act merely restores to the national courts part of the jurisdiction over cases against national banks which they had had for many years prior to 1882 (see 12 Stat. 681; Act of March 3, 1875, c. 137, 18 Stat. 470; Act of July 12, 1882, c. 290, 22 Stat. 162). Nor can it be doubted that Congress may, if it sees fit, provide that the privilege of removal shall extend to cases pending in the state courts at the time when the statute permitting removal was enacted. The point here is simply whether Congress intended to grant the right of removal in such cases.

■ The plaintiff refers to the general principle that statutes are prospective rather than retrospective; that they are addressed to the future and not to the past. Winfree v. Northern Pacific R. Co., 227 U. S. 296, 33 S. Ct. 273, 57 L. Ed. 518; Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454; Hall v. Chicago, R. I. & P. R. Co. (C. C.) 149 F. 564; Jacobus v. Colgate, 217 N. Y. 235, 111 N. E. 837, Ann. Cas. 1917E, 369. That argument would be persuasive if the defendant had removed, or attempted to remove, the case prior to the passage of the statute. See Fraenkl v. Cerecedo Hermanos, 216 U. S. 295, 30 S. Ct. 322, 54 L. Ed. 486; Newell v. Baltimore & Ohio R. Co. (C. C.) 181 F. 698. But the argument has no application here. The removal came after the passage of the statute permitting removal. The act is plainly one relating to remedies and not to substantive rights. The rule that statutes changing remedies or procedure generally affect future steps in pending suits, in the absence of words of exclusion, is not in conflict with the rule against retroactivity, for in such cases the statute is applied only in a prospective way. Baltimore & P. Railroad Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231; Petition of Callanan (D. C.) 51 F.(2d) 1067; Lazarus v. Metropolitan El. R. Co., 145 N. Y. 581, 40 N. E. 240; Lamport v. Smedley, 213 N. Y. 82, 106 N. E. 922. If this were all, my conclusion would be that the case was properly removed.

But the act in question provides, first, that suits of a certain nature to which any corporation created by the laws of the United States "shall be a party" shall be deemed to arise under the laws of the United States; second, that the district courts shall have original jurisdiction of such suits; and, third, that the defendant "in any such suit" may remove it from the state court. The suits covered by the act are only those to which such a corporation "shall be a party." These are words of futurity, and it is doubtful, to say the least, whether suits already brought when Congress passed the statute were intended to be included. Ex parte Morel (D. C.) 292 F. 423, 428.

Any doubt arising from the words used in the act becomes a certainty when the act is viewed along with earlier legislation relative to removal. The Separable Controversy Act of 1866 began with the words: "That if in any suit already commenced, or that may hereafter be commenced, in any State court:" Act of July 27, 1866, c. 288, 14 Stat. 306. The Prejudice or Local Influence Act of 1867 provided for removal "where a suit is now pending, or may hereafter be brought in any State court." Act of March 2, 1867, c. 196, 14 Stat. 558. The Judiciary Act of 1875 was made applicable to suits "now pending or hereafter brought in any State court." Act March 3, 1875, c. 137, 18 Stat. 470. In the Judiciary Act of 1888, the suits declared to be removable were those "now pending, or which may hereafter be brought;" that phrase being used in four places in section 2 of the act. Act of August 13, 1888, c. 866, 25 Stat. 433. In the Judicial Code of 1911, the broad provision on removal covers suits "which may now be pending or which may hereafter be brought, in any State court." Act March 3, 1911, c. 231, § 28 (28 USCA § 71 and note). There are other removal acts which likewise are expressly made applicable to suits already commenced in the state courts. Act March 30, 1872, c. 72, 17 Stat. 44; Revised Statutes 1878, § 644; Judicial Code of 1911, § 34 (28 USCA § 77).

On the other hand, there is a line of removal acts in which nothing is said as to pending cases. There was no such reference ·

in the Judiciary Act of 1789 (Act of September 24, 1789, c. 20, § 12 [28 USCA § 71 note]), nor in the present sections 30, 31, and 33 of the Judicial Code (28 USCA §§ 73, 74, 76).

From a review of these statutes, it is fair to say that, whenever it has been the legislative intent that a removal statute should apply to suits already pending in the state courts, the practice has been to declare such intent in express words. The omission of corresponding words in the statute under discussion has a significance that cannot be overlooked. Reiche v. Smythe, 13 Wall. 162, 20 L. Ed. 566; Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 S. Ct. 906, 45 L. Ed. 1171; Shwab v. Doyle, supra; Moser v. Newman, 6 Bing. 556. The conclusion must be that Congress did not intend that the right of removal given in the Glass-Steagall Act should extend to cases pending in the state courts when the act was passed.

The defendant urges that the clause as to the time of removal, "at any time before the trial thereof," is a strong indication that pending cases were meant to be included. I see no force in the contention. It is by no means novel to permit removal at any time down to trial. The Judiciary Act of 1875 was as liberal in this respect, and in several situations under the existing laws removal at any time before trial is sanctioned. See 28 USCA §§ 73, 74, 76 and 77. The inference that Congress must have intended to include pending cases rests on nothing but conjecture.

In view of the words of futurity used in the act, and in view of the omission in this act of the clause comprehensive of pending cases which has been commonly used in removal statutes, I am convinced that the act was not intended to cover cases pending when it was passed. But, if the point were regarded as open to doubt, I would be obliged in deference to authority to remand the case to the state court. Since Plant v. Harrison (C. C.) 101 F. 307, the rule in this circuit has been that, when the right to remove is doubtful, the doubt is resolved in favor of a remand. Wrightsville Hardware Co. v. Hardware & Woodenware Mfg. Co. (C. C.) 180 F. 586; Vanderbilt v. Kerr (C. C.) 188 F. 537; Orr v. Baltimore & Ohio R. Co. (D. C.) 242 F. 608.

It is hardly necessary to add that the fact of the cause of action having arisen or accrued prior to the passage of the statute permitting removal is not the ground of remand in this case. That the statute would apply to such a cause of action on which suit had not been commenced when the statute took effect would seem obvious. Cook v. United States, 138 U. S. 157, 11 S. Ct. 268, 34 L. Ed. 906; Teel v. Chesapeake & Ohio R. Co., 204 F. 918, 47 L. R. A. (N. S.) 21 (C. C. A. 6); Holmes v. Camp, 219 N. Y. 359, 114 N. E. 841.

For the above reasons, the motion to remand the action to the New York Supreme Court will be granted.