## UNITED STATES v. CHUSED.
### No. 14928.

United States Court of Appeals
Eighth Circuit.
Jan. 28, 1954.

C. Moxley Featherston, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson and Walter Akerman, Jr., Sp. Assts. to the Atty. Gen., Harry Richards, U. S. Atty., and W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., were on the brief), for appellant.

Bertram W. Tremayne, Jr., St. Louis, Mo. (Harry S. Gleick, Ralph R. Neuhoff, and Neuhoff, Tremayne & Schaefer, St. Louis, Mo., were with him on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action brought November 26, 1951, by the Trustee in Bankruptcy of the Laister-Kaufmann Aircraft Corporation to recover an overpayment of excess profits taxes by the corporation for the year ended August 31, 1943. The sole ground for reversal urged by the Government is that the action was brought too late.

A timely claim for refund of the taxes had been filed and had been rejected by the Commissioner of Internal Revenue on July 16, 1948. On June 14, 1950, thirty-two days before the expiration of the two-year period of limitation provided by Section 3772(a) (2) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 3772(a) (2), for the bringing of suit on the claim, the Commissioner, pursuant to Section 3774(b) (2) of the Code, 26 U.S.C.A. Int.Rev.Code, § 3774(b) (2), signed an agreement with the taxpayer to suspend the running of the statute of limitations from the date of the agreement until the final decision in the case of McDonnell Aircraft Corporation v. Commissioner of Internal Revenue, 16 T.C. 189.

On March 8, 1951, the Tax Court rendered its decision in the McDonnell Aircraft Corporation case in favor of the taxpayer. 16 T.C. 189. The Commissioner of Internal Revenue on June 7, 1951, filed a petition in this Court for a review of the Tax Court's decision. The Commissioner thereafter, with the consent of the taxpayer in that case, moved this Court to docket and dismiss the petition to review the decision of the Tax Court. On September 20, 1951, this Court entered an order docketing and dismissing the petition to review. 191 F.2d 733.

Since the taxpayer in the instant case, at the time the agreement suspending the running of the statute of limitations was signed (June 14, 1950), had thirty-two days left within which to bring an action to recover the overpayment of taxes, he had, because of the agreement, thirty-two days from the date when the order of this Court dismissing the petition to review the decision of the Tax Court in the McDonnell Aircraft Corporation case became final in which to bring this action. His complaint was filed November 26, 1951.

If, as the Government contends, the order of dismissal of the petition to review the Tax Court's decision in the McDonnell Aircraft Corporation case was a final order on September 20, 1951, or ten days thereafter (the time allowed by Rule 4(e) of this Court for the reconsideration of consent orders entered by the Clerk for the Court), this action was brought too late. If, on the other hand, the order of dismissal did not become final until the ninety days allowed for filing a petition for certiorari, under Section 2101(c), Title 28 U.S.C.A., expired, the action was not barred by limitations.

The sole question for decision, then, is whether the order of this Court dismissing the petition to review the decision of the Tax Court in the McDonnell Aircraft Corporation case became final not later than September 30, 1951, or became final ninety days from September 20, 1951.

The District Court, in entering summary judgment for the taxpayer on the ground that the order of dismissal of the McDonnell Aircraft Corporation case did not become final until ninety days from the date of its entry, relied upon Section 1140 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1140, which, so far as pertinent, provides:

"[§ 1140. *Date when Tax Court decision becomes final*]

"The decision of the Tax Court shall become final—

\* \* \* \* \* \*

"(b) *Decision affirmed or petition for review dismissed*

"(1) *Petition for certiorari not filed on time.* Upon the expiration of the time allowed for filing a petition for certiorari, if the decision of the Tax Court has been affirmed or the petition for review dismissed by the Circuit Court of Appeals and no petition for certiorari has been duly filed; \* \* \*."

The District Court also relied upon what the Court of Appeals of the Third Circuit said about the scope of § 1140 in White's Will v. Commissioner, 142 F.2d 746, 747, in footnote 5 on page 749, viz.:

"\* \* \* The fact that Section 1140(a) [of the Internal Revenue Code] provides that a decision shall become final upon the expiration of the time allowed for filing a petition for review, if no such petition has been filed, does not make Section 1140 inapplicable to a decision entered on a stipulation from which, of course, no appeal was taken."

If Section 1140(a) covers consent decisions of the Tax Court, Section 1140(b) (1) covers consent orders of dismissal entered by Courts of Appeals in proceedings for the review of Tax Court decisions.

The Government asserts that Section 1140(b) (1) should be held inapplicable to a consent order of dismissal, on the ground that such an order is not reviewable by certiorari. But our understand-

ing is that such orders are subject to review, even though they are not subject to reversal on the merits.

We quote the following language from Swift & Co. v. United States, 276 U.S. 311, 324, 48 S.Ct. 311, 314, 72 L.Ed. 587: " * * * Decrees entered by consent have been reviewed upon appeal or bill of review where there was a claim of lack of actual consent to the decree as entered (Pacific R. Co. v. Ketchum, 101 U.S. 289, 295, 25 L.Ed. 932; White v. Joyce, 158 U.S. 128, 147, 15 S.Ct. 788, 39 L.Ed. 921); or of fraud in its procurement (Thompson v. Maxwell Land Grant Co., 168 U.S. 451, 18 S.Ct. 121, 42 L.Ed. 539); or that there was lack of federal jurisdiction because of the citizenship of the parties. (Pacific R. Co. v. Ketchum, supra). Compare Fraenkl v. Cerecedo, 216 U.S. 295, 30 S.Ct. 322, 54 L.Ed. 486. But 'a decree, which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the cause.' Nashville, Chattanooga & St. Louis Ry. Co. v. United States, 113 U.S. 261, 266, 5 S.Ct. 460, 28 L.Ed. 971. Compare United States v. Babbitt, 104 U.S. 767, 26 L.Ed. 921; McGowan v. Parish, 237 U.S. 285, 295, 35 S.Ct. 543, 59 L.Ed. 955. * * * "

However, it is unnecessary in this case to decide whether a consent order of dismissal of a petition to review a decision of the Tax Court is reviewable or not. The language of Section 1140(b) is plain, unambiguous and understandable, and must be taken to mean what its words literally import. Crooks v. Harrelson, 282 U.S. 55, 60–61, 51 S.Ct. 49, 75 L. Ed. 156; Foley Securities Corporation v. Commissioner, 8 Cir., 106 F.2d 731, 734–735; Missouri Pac. R. Co. 5¼% Secured Serial Bondholders' Committee v. Thompson, 8 Cir., 194 F.2d 799, 803–804 and cases cited.

The order of dismissal of September 20, 1951, entered by this Court at the request of the Commissioner of Internal Revenue and with the consent of the McDonnell Aircraft Corporation, was an order of this Court, and the fact that it was based upon the consent of the parties did not make it any the less so. Under the plain language of Section 1140 (b), the time when the decision of the Tax Court in the McDonnell Aircraft Corporation case became final was ninety days after September 20, 1951, and therefore the instant action was not barred by limitations on November 26, 1951, when the complaint was filed.

The judgment appealed from is affirmed.